SOPHIE LUBENSTEIN, Respondent, *v.* BARNET LUBENSTEIN, Appellant.

First Department, January 28, 1944.

*Julius Lerner* of counsel (*Meyer Dvorkin*, attorney), for appellant.

*Freda Silbowitz* of counsel (*Silbowitz & Lerner,* attorneys), for respondent.

COHN, J. The parties became husband and wife in December, 1939. At the time of the marriage plaintiff was forty-two years of age. She had just obtained a divorce from her first husband by whom she had two grown children. Defendant, who was fifty-five years of age, had three adult children by his first wife.

Before the marriage here, the parties entered into a formal agreement by the terms of which each contracted to waive all rights to the estate of the other except that plaintiff was to receive $1,000 on defendant's death. To carry out the arrangement, defendant made plaintiff beneficiary of a life insurance policy of $5,000 on his life. Plaintiff testified that the agreement was executed to satisfy defendant's children that plaintiff was not marrying defendant for his money, and that defendant agreed to destroy it after the marriage.

Our examination of the record convinces us that the finding by the trial court to the effect that defendant has been guilty of a course of cruel and inhuman treatment toward plaintiff and of such conduct as renders it unsafe and improper that plaintiff cohabit with defendant is not sustained by the evidence. Nor is there proof that at any time defendant committed any act or acts which might be characterized as cruel and inhuman. We find that defendant adequately supported plaintiff; that there was no improper conduct by defendant's children; and that the parties lived together in apparent harmony from the date of their marriage and for a period of about three years thereafter up to the time of their separation. A misunderstanding between them arose out of the defendant's refusal to destroy the antenuptial agreement. Even if defendant were obligated to destroy the agreement, his refusal to do so would not constitute cruel conduct. Upon the record, plaintiff failed to make out a *prima facie* case and she should not have been awarded a decree of separation.

Though plaintiff voluntarily left the home of defendant in September, 1942, apparently she acted in the belief that she had legal justification for doing so. The proof is not clear that she parted from defendant with the intention of not returning. For that reason defendant is not entitled to a judgment of separation upon his counterclaim.

Insofar as the judgment awards plaintiff a decree of separation, it should be reversed, without costs, and the complaint dismissed, without costs. Insofar as the judgment dismisses the counterclaim of the defendant for a separation, it should be affirmed.

TOWNLEY, GLENNON, UNTERMYER and CALLAHAN, JJ., concur.

Judgment, insofar as it awards plaintiff a decree of separation, unanimously reversed, without costs, and the complaint dismissed, without costs. Judgment, insofar as it dismisses the counterclaim of the defendant for a separation, unanimously affirmed. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.