Renee R. Russo (Formerly Known as Norene Russo), Appellant,
v. Thomas Russo, Respondent.

First Department, October 9, 1962.

*Joseph B. Franklin* for appellant.

*Michael A. Di Salvo* for respondent.

Steuer, J. This litigation presents the often mooted question of the rights of depositors in a joint savings bank account. By confining discussion as well as decision to the particular problem presented and avoiding other phases, it is hoped that clarity will be achieved.

The parties are husband and wife. In 1957, the year of their marriage, defendant had a savings account in the Dollar Savings Bank, which account was his property. In July of that year the designation of that account was changed to " Thomas Russo or Mrs. Norene Russo, payable to either or survivor ". This made the deposit a joint account. Plaintiff wife never made a deposit or withdrawal in the account. In January, 1960, the parties separated. Without the knowledge

of plaintiff, defendant shortly thereafter withdrew the funds in the account. Plaintiff sues for one half of the deposit.

Prior to the enactment of the Banking Law (L. 1909, ch. 10) an account in the name of two persons with right of survivorship neither created nor evidenced any property during the lifetime of the persons in the account in anyone except the actual depositor (*Beaver* v. *Beaver,* 117 N. Y. 421). The enactment of the statute (now, in substantially the same form, Banking Law, § 239) effected a change. Named depositors became joint tenants of the account. So if the funds constituting the deposit were previously the property of one of the two, it was presumed that a gift of half the deposit was made to the other. Under certain specific circumstances, not involved in the facts here, that presumption became conclusive. Where these circumstances are not present, the presumption is rebuttable (*Moskowitz* v. *Marrow,* 251 N. Y. 380).

So the withdrawal of the funds by the defendant here did not destroy whatever rights the plaintiff presumably had in the fund. In order to accomplish this, the defendant would have to rebut the presumption that in transferring the account from his own to their joint names he intended to make a gift of a half interest in the deposit to his wife. The unilateral act of withdrawal at a later period does not, *ipso facto,* rebut the presumption (*Marrow* v. *Moskowitz,* 255 N. Y. 219).

The record upon which this case was decided consists entirely of a stipulation of facts. The stipulation is barren of any material bearing on the intent of the defendant in putting the deposit in the form of a joint account. Without such proof he does not even raise an issue, and a verdict in his favor is without support.

We believe that this hiatus in the record is due to a misconception of the issue involved. To the end that the issue may be fairly presented, we believe that the ends of justice require a new trial and that in the trial both parties be relieved of the stipulation.

The judgment should be reversed on the law, and a new trial ordered, with costs to appellant to abide the event.

BOTEIN, P. J., BREITEL, VALENTE and STEVENS, JJ., concur.

Determination of the Appellate Term unanimously reversed, on the law, and a new trial ordered, with costs to appellant to abide the event.