918

JOSEPH LEBOVIC, Appellant, v ROCHELLE LEBOVIC, Respondent.—In an action for divorce, plaintiff appeals from a judgment of the Supreme Court, Queens County, dated September 22, 1975, which, after a nonjury trial, *inter alia,* dismissed the various causes of action and made provision for child support. Judgment modified, on the facts, without costs or disbursements, by reducing the award of child support to the sum of $25 per week for each child. As so modified, judgment affirmed. Special Term properly exercised its discretion in dismissing the action claiming cruel and inhuman treatment in connection with this 18-year marriage (cf. *Hessen v Hessen,* 33 NY2d 406). However, the child support award was excessive to the extent indicated herein. Latham, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.

ROBERT W. MANFRIDA, Respondent, v CITY OF NEW ROCHELLE et al., Appellants.—In an action *inter alia* to recover damages for breach of contract (the first cause of action), defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County, dated October 24, 1975, as (1) denied the branch of their motion which sought to dismiss the first cause of action and (2) granted the branch of plaintiff's cross motion which sought to strike their first affirmative defense. Order affirmed insofar as appealed from, with $50 costs and disbursements. Defendants' motion, insofar as it sought to dismiss the first cause of action, was properly denied and plaintiff's cross motion, insofar as it sought to strike the first affirmative defense, was properly granted. Cohalan, Acting P. J., Margett, Damiani, Rabin and Shapiro, JJ., concur.

DOROTHY MUCHNICK et al., Respondents, v O. S. H. CONSTRUCTION CORP. et al., Appellants, et al., Defendants.—In an action, *inter alia,* to recover damages for fraud, the appeal is from an order of the Supreme Court, Nassau County, dated September 9, 1975, which denied appellant's motion, which, *inter alia,* sought summary judgment. Order affirmed, without costs or disbursements. In our view, the moving and opposing papers presented to the Special Term raise issues of fact which can only be resolved at a trial. Hopkins, Acting P. J., Martuscello, Latham, Titone and Hawkins, JJ., concur.

WILLIE NELSON, Appellant, v CITY OF NEW YORK, Respondent.—In a medical malpractice action, plaintiff appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Kings County, entered July 16, 1975, in his favor, after a jury trial, which judgment recites that his motion to set aside the verdict as insufficient is denied. Judgment reversed, on the law, without costs or disbursements, motion granted, and new trial granted limited to the issue of damages. The findings of fact were not considered. In our view, the damages awarded were inadequate. Hopkins, Acting P. J., Martuscello, Latham, Titone and Hawkins, JJ., concur.