Cooke, J.
(dissenting in part). In an action for divorce, plaintiff wife sought custody of the children, alimony and child support, possession of the marital residence (that being one of four apartments in a multiple dwelling owned by defendant), counsel fees, and such other and further relief as the court deemed just and proper.
At trial, defendant husband took the stand and was questioned about funds he had used to open a joint bank account in his name and in that of his wife. These funds, approximately $42,000, constituted a portion of a workmen’s compensation award which defendant received in 1969 to compensate him for a 1965 accident that had rendered him unable to work. In 1972 and prior to this action, defendant had withdrawn the balance of the joint account, placing it in an account bearing his name alone.
Although not relevant to a determination of the wife’s entitlement to one half the funds, but rather to the computation of what one half would be, the evidence shows that $4,000 of the $42,000 was placed in trust accounts for the children and, further, that a portion of the money, an amount that may have ranged anywhere from $2,000 to $7,500 was spent on a family trip to Greece. When questioned about the remaining $30,000, the husband, through an interpreter, responded "I ate it”. Although a dispute arose between counsel as to whether the response was sarcastic, it is possible that the husband was attempting to express that he had used the money to sustain himself during the two previous years. Defendant’s claim at trial was that he had remaining but $570 of the $30,000. Plaintiff, for her part, testified to the effect that she had not received any of the money in the joint account and speculated that her husband had not actually *973 used the funds, but rather had hidden the money or helped his brothers. Finding the wife a more credible witness, the court granted her the relief requested.
The Appellate Division erred in modifying the trial court judgment by deleting the direction that defendant pay plaintiff the $15,000. Contrary to the assertion that there was no warrant for that direction is the law of joint accounts and its operation in a case such as this.
By statute, the making of a joint deposit, in the absence of proof of contrary intent, is presumptive evidence of an intention to create a joint tenancy, thereby effecting a present transfer of both an alienable interest in one half of the deposit in each of the joint tenants, as well as a right to the whole fund in the surviving joint tenant after the death of the other (Banking Law, § 675).
If, during life, the donor-depositor withdraws a sum in excess of his moiety, the tenancy is not destroyed (Marrow v Moskowitz, 255 NY 219, 221-222). Rather, such tenant remains liable to the other for the excess withdrawn (Matter of Bricker [Krimer] v Krimer, 13 NY2d 22, 27; Matter of Juedel, 280 NY 37; Walsh v Keenan, 293 NY 573) unless he can successfully rebut the presumption of a gift by proof of intention otherwise. Neither the fact that the withdrawing tenant had been the sole owner of the fund prior to deposit nor the fact that he removed the balance and "ate it” are sufficient, singly or cumulatively, to rebut the presumption that his intention at the outset was to make a gift of one half to his spouse (Russo v Russo, 17 AD2d 129). Moreover, whether the funds withdrawn are still in existence is irrelevant to the determination of the wife’s right to the funds.
It is clear that the trial court in this action had jurisdiction to determine title to property (Domestic Relations Law, § 234) and the motion to have the pleadings conform to the proof so as to include this award was properly granted. However, because no original demand was made for such a determination, defendant may have been unaware that the burden was upon him to introduce the proof of intent necessary to rebut the presumption of joint tenancy. Further proof should be taken.
The order of the Appellate Division should be modified by striking therefrom the provision that there be deleted from the judgment of the trial term the direction that defendant pay $15,000 to plaintiff, and the matter as it relates to said *974 $15,000 should be remitted to Trial Term for proceedings in accordance with this dissent (see Walsh v Walsh, 29 AD2d 991, 992-993; Russo v Russo, 17 AD2d 129, 130, supra). Except as so modified, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur; Judge Cooke dissents in part and votes to modify in a separate opinion.
Order affirmed, without costs, in a memorandum.