■ Suffolk Off-Track Betting Corporation, Appellant, v New York State Racing and Wagering Board, Respondent.—In an action to declare that the plaintiff, Suffolk Off-Track Betting Corporation, is exempt from the provisions of section 129 of Off-Track Pari-Mutuel Betting Law (L 1974, ch 346, § 4, as amd.) so long as there is no race track within Suffolk County, plaintiff appeals (1) from an order of the Supreme Court, Suffolk County, dated January 6, 1976, which granted defendant's motion to dismiss the complaint, and (2) as limited by its brief, from so much of a further order of the same court, dated February 15, 1977, as, upon reargument, adhered to the original determination. Appeal from the order dated January 6, 1976 dismissed as academic. That order was superseded by the order made upon reargument. Order dated February 15, 1977, modified, on the law, by deleting therefrom the provision which, upon reargument, dismissed the complaint and substituting therefor a provision declaring that section 129 does not preclude the respondent from promulgating a rule combining Suffolk County with several other regions for the purpose of job security. As so modified, order affirmed insofar as appealed from, upon the opinion of Judge Scileppi at Special Term, dated November 21, 1975. Defendant is awarded one bill of $50 costs and disbursements to cover both appeals. In addition, we would point out that although Special Term elected to treat the motion to dismiss the complaint pursuant to CPLR 3211 (subd [a]) as one for summary judgment without first providing adequate notice to the parties (see CPLR 3211, subd [c]; *Rovello v Orofino Realty Co.,* 40 NY2d 633), neither party raised the issue on this appeal and both parties were on notice of such treatment at the time of the motion for reargument. Martuscello, J. P., Latham, Margett and O'Connor, JJ., concur.

■ Chester A. Yates, Appellant, v Grace A. Yates, Respondent.—In a matrimonial action, plaintiff appeals from a judgment of the Supreme Court, Westchester County, entered April 28, 1975, which, after a nonjury trial, *inter alia,* failed to grant him a divorce and made provisions for support of the defendant. Judgment affirmed, with costs. We agree with the trial court that the plaintiff-appellant failed to establish such cruel and inhuman conduct by the defendant-respondent in this marriage of more than 30 years' duration as rendered "it unsafe or improper for the plaintiff to cohabit with the defendant" (see Domestic Relations Law, § 170, subd [1]; see, also, *Hessen v Hessen,* 33 NY2d 406; *Lebovic v Lebovic,* 52 AD2d 918). Martuscello, J. P., Latham, Margett and O'Connor, JJ., concur.

■ In the Matter of Audrey Blackman et al., appellants, v Board of Education of the City School District of the City of New York et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review respondents' determination to withhold certain sums from petitioners' paychecks to recoup alleged overpayments of salaries, petitioners appeal from a judgment of the Supreme Court, Kings County, entered January 25, 1977, which dismissed the petition. Judgment affirmed, without costs or disbursements, on the opinion of Mr. Justice Rubin at Special Term. Martuscello, J. P., Latham, Margett and O'Connor, JJ., concur.