■ ROBERT W. MANFRIDA, Appellant, v CITY OF NEW ROCHELLE, Respondent, et al., Defendants.—In an action, *inter alia,* to recover damages for breach of contract, plaintiff appeals, as limited by his brief, from so

much of an order of the Supreme Court, Westchester County, dated July 20, 1977, as (1) granted the motion of the defendant City of New Rochelle to dismiss the amended complaint as against it and (2) denied his cross motion to compel an examination before trial of the City of New Rochelle. Order modified by deleting the first decretal paragraph thereof and substituting therefor a provision that the city's motion is granted to the extent of dismissing the second, third and fourth causes of action of the amended complaint as against it and that the said motion to dismiss is denied as to the first cause of action. As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to plaintiff. The city's time to answer the amended complaint is extended until 20 days after entry of the order to be made hereon. We note that on the city's prior appeal from Special Term's denial of the branch of its motion which sought to dismiss the first cause of action of the original complaint, this court unanimously affirmed the order insofar as it was appealed from (Manfrida v City of New Rochelle, 52 AD2d 918). Even assuming, arguendo, that compliance with section 127 of the New Rochelle City Charter was a condition precedent to be pleaded and proved (but see Caruso v Incorporated Vil. of Sloatsburg, 35 AD2d 988), the papers establish substantial compliance therewith, viz., the detailed, verified letters to the Mayor and the City of New Rochelle Human Rights Commission, the latter's report, and the institution of suit within one year of the accrual of plaintiff's first cause of action. In all other respects, we find the determination of Special Term to be correct, insofar as it is appealed from. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.