FRANCES PHILLIPS, Appellant, v ROBERT W. PHILLIPS, Respondent.

Second Department, August 13, 1979

**APPEARANCES OF COUNSEL**

*Melvin Smith (Benjamin Hirsh* of counsel), for appellant.

*Keegan, Keegan, Hecker & Tully, P. C. (Andrew W. Tully, Jr.,* of counsel), for respondent.

**OPINION OF THE COURT**

HOPKINS, J. P.

The plaintiff on June 21, 1977 sued for divorce on the ground of cruel and inhuman treatment. Just prior to the trial the defendant moved to amend his answer to allege a counterclaim for divorce on the ground of abandonment by the plaintiff for more than one year. The affidavit of the defendant in support of the motion stated that the plaintiff had left their home on March 11, 1977; the defendant's motion

was returnable on March 28, 1978, the adjourned date of the trial, and was opposed by the plaintiff for the reason, among others, that the motion to amend was a device to circumvent the statute, requiring a year's absence to constitute a cause of action for divorce on the ground of abandonment.

At the trial proof of the abandonment was received by Special Term over objection of the plaintiff's counsel for the reason, among others, that the defendant's motion to amend had not been decided. Following the trial, in its discretion, Special Term granted the defendant's motion to amend, dismissed the plaintiff's complaint for failure of proof, and directed judgment in favor of the defendant for a divorce on the ground of abandonment. An application by the plaintiff for a half share of a joint bank account of the parties, tried as part of the divorce action, was denied, upon a finding by the court that the plaintiff had no pecuniary interest in the bank account. The plaintiff appeals.

■■■ We modify the judgment by reversing so much of it as grants a divorce on behalf of the defendant. The evidence of the departure of the plaintiff in the belief that she was justified on account of the cruelty of the defendant did not amount to abandonment, even though Special Term correctly determined that plaintiff's complaint for divorce should be dismissed for failure of proof. The judgment is otherwise affirmed in the dismissal of plaintiff's action and in the denial of the plaintiff's application for a half share of the joint bank account.

I

The plaintiff and the defendant were married on August 22, 1942. Three children were born of the marriage, two of whom are over 21 years of age and emancipated. The third, a son, aged 33 years at the time of trial, is mentally retarded and resides in a private school for handicapped persons. At the time the plaintiff instituted this action, she was 56 years old, the defendant was 55 years old, and they had lived together since the marriage.

The plaintiff was employed, earning approximately $9,000 annually. The defendant was employed as a police officer in the City of New York from 1948 until 1966, when he retired because of a physical disability. They have resided in the family dwelling since 1953.

The plaintiff left the marital home on March 11, 1977 and since then has been living in her own apartment. On June 21, 1977 she brought this action, alleging that the defendant had been cruel and inhuman by refusing to have social contact with others, by humiliating her in the presence of others, by throwing furniture about, and by threatening to kill her with a knife. By a separate proceeding she sought a judgment declaring that she was the half owner of a joint bank account.

The defendant's answer, after denying the allegations of cruelty, interposed an affirmative defense that the plaintiff had abandoned him without justification for a period in excess of four months. He denied that the plaintiff had any claim to the joint bank account, stating that all of the funds deposited therein were his.

The trial was regularly scheduled to be heard on March 2, 1978. Because of the defendant's illness it was adjourned to March 28, 1978. On March 23, 1978 the defendant moved to amend his answer so as to interpose a counterclaim for a divorce based on the plaintiff's abandonment for more than one year, i.e., from March 11, 1977. The plaintiff opposed the motion, contending that the only issues which could be tried were those in existence at the time the action was instituted and that it would be an improvident exercise of discretion to grant an amendment on the eve of trial since the defendant's motion was obviously designed to avoid the statutory requirement of a year's absence to constitute a cause of action for abandonment. The motion was made returnable on March 28, 1978, the adjourned date of the trial.

The trial began without any disposition of the defendant's motion. On cross-examination of the plaintiff concerning her departure on March 11, 1977, the plaintiff's attorney immediately objected, and Special Term received the evidence subject to the objection, and reserved decision on the amendment. At the conclusion of the trial Special Term reserved decision on the whole case. Special Term thereafter in an opinion held that the plaintiff had not established a cause of action for divorce on the ground of cruelty, finding that the proof showed at most incompatibility of the parties. Special Term further granted the defendant's motion to amend his answer to include the counterclaim for divorce on the ground of abandonment, stating that the plaintiff was not prejudiced by the amendment since the evidence submitted by the defendant was not a surprise, and the plaintiff should have been pre-

pared to meet it. Special Term then directed a divorce in favor of the defendant based on abandonment, finding that the plaintiff had left the defendant without justification, and that the abandonment had continued for more than a year. Special Term also held that the plaintiff had no interest in the joint bank account since it had been created by the defendant from his own funds as a matter of convenience and without the intent of giving any part of the funds to the plaintiff.

## II

■ The plaintiff complains that the court erred in not granting a divorce in her favor because of the cruel and inhuman conduct of the defendant. However, as we read the record, Special Term was warranted in its determination that the isolated and sporadic acts of the defendant to which the plaintiff testified, in the perspective of a marriage of 35 years' duration, did not establish grounds for divorce. Taken in the strongest light on behalf of the plaintiff, the evidence merely showed discord in the later years of the marriage and fits of temper and irascibility on the part of the defendant which created difficulties and tension between the parties. Special Term, on the other hand, in appraising the testimony accepted the defendant's denial of those incidents which lent a grosser aspect to the plaintiff's claims. "Objective proof of physical or mental injury to the complaining spouse would certainly be a decisive basis for granting the divorce, but is not a prerequisite. Among the factors that the courts may properly consider are the respective ages of the husband and wife and the duration of their marriage. Unfortunately, in many instances, the deleterious effects of the aging process on the physical and mental disposition of spouses will inevitably create problems in an otherwise long and happy marriage. Similar problems may occur because of changes in the family situation, as with the departure of grown children, family tragedies, economic disasters, and the other untoward events from which no life is ever free. In such cases it would seem entirely proper that the court give heed to the admonition and interest in 'for better or worse' " (*Hessen v Hessen,* 33 NY2d 406, 411-412).

We have followed the teaching of *Hessen,* observing that "[a] marriage of long duration (24 years here) requires a high degree of proof to show that the conduct of the defendant so endangered the physical and mental well-being of the plaintiff as rendered it unsafe or improper for the plaintiff to cohabit

with the defendant *(Johnson v Johnson,* 36 NY2d 667)" *(Filippi v Filippi,* 53 AD2d 658). We have noted this rule in other cases *(Yates v Yates,* 58 AD2d 579; *Sirote v Sirote,* 54 AD2d 694; *Lebovic v Lebovic,* 52 AD2d 918), giving substantial weight to the discretion of Special Term in its consideration of the factors listed in *Hessen,* and our sister courts have adopted the same course *(Viczian v Viczian,* 64 AD2d 593; *Denny v Denny,* 65 AD2d 658; *Underwood v Underwood,* 55 AD2d 1016).

We are not disposed to differ from the view adopted by Special Term in evaluating the proof presented by the plaintiff in support of her cause of action. A marriage, composed as it is of the delicate interrelationship of attitudes and temperaments, expressing the emotional and physical characteristics of two people changing over the years, must be placed in the balance by an objective and careful appraisal of the Judge with the effect of the conduct of the parties upon that interrelationship and the increased burden which the law itself imposes on the parties when the marriage has lasted for nearly 35 years. We do not believe that the discretion of Special Term in the discharge of its task here was improperly exercised.

### III

■ We find greater force to the plaintiff's contention that the defendant should not have been granted a divorce based on abandonment. We note first that the abandonment alleged by the defendant had not existed for a year at the time of the service of the defendant's answer—indeed, the absence of the plaintiff from the marital home had then endured but four months. The statute, however, requires a year's absence before an action for divorce grounded on abandonment may be brought (Domestic Relations Law, § 170, subd [2]), and the duration of the year is a jurisdictional prerequisite *(Cavallo v Cavallo,* 79 Misc 2d 195, 197 [LAZER, J.]; *Dudzick v Dudzick,* 84 Misc 2d 731, 736; *Rossiter v Rossiter,* 92 Misc 2d 342, 343).

■ ■ Here, the defendant moved to amend his answer to interpose a counterclaim for divorce immediately upon the lapse of a year after the plaintiff's leaving. We think it better practice that a motion to amend a pleading—especially an amendment which adds a counterclaim—should be decided before the trial begins. Parties should not be compelled to participate in a trial in ignorance of the ultimate issues which

the court will determine. Though the defendant had alleged the defense of abandonment to the plaintiff's cause of action, that defense as such is not maintainable *(Mante v Mante,* 34 AD2d 134, 139; *Bloom v Bloom,* 52 AD2d 1030, 1031). Misconduct of a spouse may sometimes be considered as a cause of misconduct by the other, but the defendant in this case can scarcely argue that his conduct was the result of the departure of the plaintiff which occurred afterwards. Hence, proof of abandonment under the defense would not have been admissible over the objection which was made by the plaintiff's counsel. Without an amendment allowing the counterclaim—which had not been allowed at the time of the trial— the evidence would also not have been admissible. The plaintiff thus was placed in the awkward position of combatting evidence without the existence of pleadings which defined the issue (cf. *Resseguie v Adams,* 55 AD2d 698, affd 42 NY2d 1022).*

■ Beyond this deficiency in the procedure at the trial, another reason for reversing the judgment of divorce in the defendant's favor emerges from the evidence. The action by the plaintiff for divorce was instituted about three months after she left the defendant. It is clear that her departure was the result of what she deemed to be the misconduct of the defendant. In this belief she was mistaken. Nevertheless, her departure and absence should not form the basis of a finding of abandonment under these circumstances (see *Mirizio v Mirizio,* 248 NY 175, 180-181; *Fischel v Fischel,* 286 App Div 842; *Lubenstein v Lubenstein,* 267 App Div 408, 410; 1 Foster and Freed, Law and the Family, § 6:17, p 307; § 6:23, pp 318-319). "We think a term of separation may not be said to constitute as a matter of law a definitive abandonment when it is bounded by a lawsuit, maintained upon reasonable grounds and with sincerity of conviction for the very purpose of determining whether the separation shall continue" *(Mirizio v Mirizio, supra,* pp 180-181).

Thus, in our view the evidence does not show that hardening of resolve, that irrevocable decision by the plaintiff not to

---

* This situation is different from *Diemer v Diemer* (8 NY2d 206), in which a separation was granted for abandonment, though the complaint alleged a cause of action for cruelty. There, the facts constituting the grounds were identical, and the court could direct such relief as the facts justified. Here, the defendant alleged no cause of action in the answer which he served, and in any event could not have alleged a cause of action for abandonment without an amendment to the answer.

live with the defendant, whether she was right or wrong in her claim that the defendant had been guilty of cruelty toward her. The absence from the home had been a little more than the year, and for most of that time the plaintiff's suit had been pending. We do not think that the dismissal of the plaintiff's complaint automatically compelled a finding of abandonment.

That part of the judgment granting a divorce on behalf of the defendant on the ground of abandonment must therefore be reversed.

## IV

■ The plaintiff further contends that Special Term erroneously held that she had no interest in the joint account. No doubt a presumption arises that the parties to a joint account are each entitled to an equal share (Banking Law, § 675; *Russo v Russo,* 17 AD2d 129). The presumption is not conclusive; it may be rebutted by evidence that the joint account was established as a convenience and not with the intention of conferring a beneficial interest on the party claiming the half *(Cinquemani v Cinquemani,* 42 AD2d 851).

■ The evidence before Special Term created an issue of fact, and the court was entitled to find that the funds in the account were derived from deposits made by the defendant, and that the plaintiff had not contributed to the account from her income. Moreover, there was evidence that the plaintiff had maintained joint accounts with her son and her sister, in both of which accounts she had regular dealings.

We see no cause to overrule the finding of Special Term that these facts rebutted the presumption of equal ownership. In point of fact, the circumstances clearly support the conclusion that the joint account, made up of the defendant's money, remained the defendant's money, and that the defendant's testimony that the account was opened without the intent of making a gift of one half of the account to the plaintiff could be fairly credited by Special Term. We affirm, accordingly, the decision of Special Term that the plaintiff did not establish her claim to a moiety of the joint account.

## V

It follows that so much of the judgment as grants a divorce in favor of the defendant on the ground of abandonment

should be reversed, and the defendant's counterclaim dismissed, without costs, and the judgment should otherwise be affirmed.

TITONE, MARGETT and MANGANO, JJ., concur.

Judgment of the Supreme Court, Westchester County, entered August 4, 1978, modified, on the law, by deleting therefrom paragraphs numbered "3" and "8" and substituting therefor a provision dismissing defendant's counterclaim for divorce. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements.