■ PAULA KNOX, Appellant, v JOHN KNOX, Respondent. — In a matrimonial action, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Jaspen, J.), dated November 8, 1979, as (1) awarded her $100 per week as alimony, (2) awarded defendant temporary possession of the marital premises until said premises could be sold and, *inter alia*, directed the sale of the marital premises for $25,000 or such lesser sum as may be agreed upon in writing within six months from October 7, 1979 and granted defendant the right to purchase plaintiff's interest within the next three months, (3) made no disposition of the personal property in the marital premises, and (4) made no disposition of any bank account, upon finding that there were no joint bank accounts. Order modified, on the facts, by deleting from the first decretal paragraph the sum of "$100.00" and substituting the sum of "$175.00"; and by deleting from the second decretal paragraph thereof, everything that follows the first sentence. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and the matter is remanded to Special Term for a determination as to the fair market value of the marital premises by an independent appraiser, appointed by the court. Upon such determination, the parties are directed forthwith to place the premises on the market for sale at such appraised value, and to take all necessary steps to consummate a sale. Under the circumstances, the award of alimony was inadequate to the extent indicated. Special Term properly granted defendant, who had been given custody of the children, temporary possession of the marital residence until it could be sold. Since the residence has not been sold within the time period prescribed by Special Term, it should be sold within the guidelines heretofore set forth. Further, since defendant had been awarded temporary possession of the residence and there had been no sale or agreement to sell it, Special Term properly refused to order distribution of the personal property within the residence. At such time as there is a sale of the residence or a contract to sell it is entered into, either party may apply to Special Term for a distribution of a personal property within the residence. Moreover, Special Term's finding that the savings bank account, which was in the name of defendant only, was not a joint bank account was correct. At one time during the marriage the parties did maintain a joint savings account. Several years prior to the parties' divorce action, the funds had been withdrawn from that joint account, and defendant established a new savings account, in his name only. Defendant made all of the deposits to and withdrawals from this new account. Defendant testified that the purpose of the account was to create a fund for the payment of the children's education. Plaintiff testified that she had assumed all the parties' bank accounts were joint, although she admitted that she knew that this account was in defendant's name only. She further testified that this account was not established for the express purpose of financing the children's education. Accordingly, the testi-

mony created a question of fact and Special Term could properly determine that "the account was opened without the intent of making a gift of one half of the account to the plaintiff" (cf. *Phillips v Phillips,* 70 AD2d 30, 38). Damiani, J. P., Lazer, Mangano and Gibbons, JJ., concur.