■ ZOHRA-GEORGETTE ELKAIM, Appellant-Respondent, v PROSPER-PAUL ELKAIM, Respondent-Appellant.—In an action for a divorce and ancillary relief, the parties cross-appeal from stated portions of a judgment of the Supreme Court, Queens County (Corrado, J.), entered October 30, 1985, which, after a nonjury trial, *inter alia,* granted the plaintiff wife a divorce on the ground of abandonment, awarded her arrears in temporary maintenance in the sum of $55,530.42, and denied her request for counsel fees.

Judgment reversed insofar as appealed from, on the law and the facts, without costs or disbursements, all decretal paragraphs except the second decretal paragraph thereof are deleted, the plaintiff's complaint is dismissed without prejudice to the institution of a new action for divorce upon the ground of abandonment, if she be so advised, and matter remitted to the Supreme Court, Queens County, for a hearing and new determination as to the amount of arrears of temporary maintenance to be awarded to the plaintiff.

We find that the divorce granted to the plaintiff wife on the ground of abandonment cannot stand. Initially, we note that in her complaint the plaintiff did not seek a divorce based upon abandonment. Her complaint sought a divorce solely on the ground of cruel and inhuman treatment, albeit based,

*inter alia,* upon the allegation that on or about August 1982, the defendant husband "abandoned" the marital residence. The record does not indicate that the plaintiff ever sought to amend her complaint to set forth a cause of action for divorce based upon abandonment. In addition, there is no basis for granting the plaintiff's request on appeal that the pleadings should be amended to conform to the proof at trial. Contrary to Trial Term's finding that at "trial the defendant readily admitted the abandonment of plaintiff in 1982", a review of the trial testimony fails to indicate that the defendant admitted he abandoned the plaintiff. The fact that the defendant indicated in his posttrial memorandum that he did not dispute the granting of a judgment to the plaintiff on the basis of abandonment is insufficient to sustain the trial court's determination that the defendant abandoned the plaintiff. A judgment of divorce can be entered on consent "only upon competent oral proof or upon written proof that may be considered on a motion for summary judgment" (Domestic Relations Law § 211), and neither condition has been met in the instant case. "[A] finding that the defendant 'admits the abandonment of the plaintiff' comes far short of being a finding, based on evidence, that defendant had actually been guilty of abandonment" *(Sigmund v Sigmund,* 233 App Div 214, 216). "The essence of abandonment is a refusal by one spouse to fulfill 'basic obligations springing from the marriage contract' *(Mirizio* v. *Mirizio,* 242 N.Y. 74, 81, quoted in *Diemer* v. *Diemer,* 8 N Y 2d 206, 210). The conduct of a spouse to constitute abandonment must be unjustified and without the consent of the other spouse *(Solomon* v. *Solomon,* 290 N.Y. 337, 340, 342; *Matter of Maiden,* 284 N.Y. 429, 432-433)" *(Schine v Schine,* 31 NY2d 113, 119). "The reason for leaving is inseparable from the act. Human relations between spouses are so complex and influenced by so many circumstances, separations occur in so many instances with fault and without fault, with consent and without consent that we deem the conclusion of fault on the part of the person leaving the joint home too uncertain for inference alone" *(Matter of Maiden,* 284 NY 429, 432-433). Contrary to the plaintiff's contention, her testimony at trial was insufficient to support a finding that the defendant abandoned her.

Since the plaintiff did not establish her entitlement to a divorce, either based upon her pleading or the evidence presented at trial, those portions of the judgment which granted the plaintiff a divorce and provided for equitable distribution of property, pursuant to Domestic Relations Law § 236 (B),

must be vacated *(see, Maulella v Maulella,* 90 AD2d 535, 537; *Hage v Hage,* 112 AD2d 659, 662). Under these circumstances, we need not reach the issue of whether the expiration of one year prior to the commencement of the lawsuit is a jurisdictional prerequisite, which would preclude the amendment of the complaint to assert abandonment as a ground for divorce. Our dismissal, however, is without prejudice to the institution of a new action for a divorce on the ground of abandonment, if the plaintiff be so advised.

In response to the plaintiff's further contention, we note that the evidence does not support the awarding of a separation to the plaintiff based upon abandonment by the defendant *(see,* Domestic Relations Law § 200 [2]). Moreover, even if she were awarded a separation, the equitable distribution awards would have to be vacated *(see,* Domestic Relations Law § 236 [B] [5], [6]; *Morgan v Morgan,* 95 AD2d 593, 595).

Finally, since the record is insufficient for us to determine whether the computation of temporary maintenance arrears is correct, the matter must be remitted to the Supreme Court, Queens County, for a hearing and new determination as to the amount of temporary maintenance arrears to be awarded to the plaintiff. Thompson, Lawrence and Eiber, JJ., concur.

Lazer, J. P., concurs in the result, with the following memorandum: Although there was sufficient testimony directly from the plaintiff to prove that an abandonment had existed for more than one year at the time of trial, I join in voting to reverse the judgment insofar as appealed from on constraint of *Phillips v Phillips* (70 AD2d 30). *Phillips* held a divorce action based on abandonment to be jurisdictionally defective if commenced before the abandonment existed for a year. While that holding binds my vote, *Lacks v Lacks* (41 NY2d 71, *rearg denied* 41 NY2d 862) has persuaded me that jurisdiction is not implicated by the durational requirement relative to abandonment. In *Lacks,* Chief Judge Breitel made a typically penetrating analysis of the difference between a substantive element of a cause of action and subject matter jurisdiction. *Lacks* dealt with the Domestic Relations Law § 230 (1) requirement that one of the parties to the divorce action have resided in the State for one year. The *Lacks* court concluded that proof of the requisite period of residence was necessary to establish the cause of action but that failure to make the proof did not strip the court of subject matter jurisdiction. That being so, it is difficult to see why the one-year abandonment requirement contained in Domestic Relations Law § 170 (2) should be treated differently. Nevertheless, *Phillips v Phillips* postdates

*Lacks* and holds that it is indeed a jurisdictional mandate that the abandonment exist for more than a year before the divorce action is commenced. Stare decisis thus precludes me from voting to affirm, even though it is apparent from the record and from the husband's asset-disposing proclivities that reversal will impose financial disaster upon the wife.