■ NANCY JEFFREY, Respondent, v JACOBUS R. JEFFREY, Also Known as JACK JEFFREY, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from a judgment of the Supreme Court, Queens County (Modugno, J.H.O.), dated February 16, 1989, which, after a nonjury trial, dissolved the parties' marriage and ordered that the former marital residence be sold and the proceeds be divided equally between the parties.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

The parties were married on June 21, 1958. In July 1976 the plaintiff wife moved out of the marital residence and in October 1986, over 10 years later, she commenced the instant action for a divorce, based upon the cruel and inhuman treatment of her by the defendant husband. At the trial, the plaintiff wife testified as to the defendant husband's physical abuse of her. However, none of the alleged abuse had occurred after November 1976 and, thus, could not be a ground for a divorce based upon cruel and inhuman treatment *(see,* Domestic Relations Law § 210). The wife moved at trial to amend her complaint to conform to the proof by adding a cause of action for "forced abandonment", to wit, that she was forced to leave the marital home because of the husband's abuse. The court granted the motion, and granted the plaintiff wife a divorce on the ground of abandonment. In so doing, it found that "[e]ven though Plaintiff left the marital residence, such action was instigated and caused solely by the cruel and inhuman treatment of [the plaintiff] over a period of years and by the fear for her life and danger of bodily harm". We now reverse.

The Domestic Relations Law contains no provision allowing a party to obtain a divorce on the basis that the party was

compelled to leave her spouse *(see,* Domestic Relations Law § 170). Whether or not the plaintiff wife was justified in leaving the defendant husband would be a defense to a cause of action by the defendant husband for divorce based on abandonment *(see, Dornbusch v Dornbusch,* 87 AD2d 883), but it does not constitute an independent cause of action. Accordingly, the judgment must be reversed, and the complaint dismissed. In view of this determination, we need not address the defendant husband's remaining contentions. Brown, J. P., Sullivan, Rosenblatt and Ritter, JJ., concur.