■ In the Matter of the Estate of PATSY P. BALDO, Deceased. ALBERT A. BALDO, as Administrator of the Estate of PATSY P. BALDO, Deceased, Appellant; MAUDE BALDO, Respondent. [620 NYS2d 602] —Cardona, P. J. Appeal from an order of the Surrogate's Court of Otsego County (Kepner, Jr., S.), entered October 8, 1993, which denied petitioner's motion for summary judgment.

Patsy P. Baldo (hereinafter decedent) and respondent were married in 1979, a second marriage for each of them. At the time of their marriage decedent was retired from the United States Postal Service and receiving a disability pension as well as Social Security retirement. Respondent was working a 40-

hour week at a manufacturing facility. In early 1990, after decedent was diagnosed as having Alzheimer's disease, respondent took a six-month leave of absence to care for him. At about the time respondent returned to work she and petitioner, decedent's brother, executed a written agreement whereby petitioner was to assume primary responsibility for decisions involving decedent's medical care.

After respondent went back to work, decedent exhibited some violent behavior toward the nurses hired to care for him. Believing that decedent's behavior was brought on by respondent's return to work, petitioner offered to pay respondent, from decedent's assets, the same compensation she was receiving from her job if she stayed home and took care of decedent. Respondent declined. Soon afterward, following a particularly bad episode with decedent, a male nurse refused to come back until decedent calmed down. Later that week, on April 12, 1991, respondent had her son take decedent to petitioner's house, informing petitioner that she was leaving and would not return with matters as they were. Respondent left the marital residence, taking some of her possessions with her, and without inquiring concerning what provisions would be made for decedent's care. She moved in with her uncle.

Respondent returned to the marital residence about a week later and found that the locks had been changed. Almost one week later, she learned through casual contact that decedent had been hospitalized in a psychiatric unit. Decedent remained in the hospital for approximately a month, during which time respondent visited him every weekend. After decedent was transferred to a nursing home, respondent continued to visit approximately once a week until September 1991. In that month respondent stopped visiting and began cohabiting with another man.

In March 1993, 18 months after respondent's last visit, decedent died intestate. Petitioner was named administrator of the estate and respondent claimed her marital share of decedent's estate. Petitioner refused the claim and moved for summary judgment, seeking to disqualify respondent as a surviving spouse on the ground of abandonment pursuant to EPTL 5-1.2 (a) (5). Surrogate's Court denied the motion, finding triable issues of fact, and petitioner appeals.

It is settled law that in order for petitioner to establish respondent's forfeiture of her right of election, petitioner must show more than her departure from the marital residence and consequent living separate and apart. As in an action for separation, petitioner must show that the abandonment was

unjustified and without the consent of the other spouse *(see, Matter of Reifberg,* 58 NY2d 134, 138; *Schine v Schine,* 31 NY2d 113, 119; *Matter of Maiden,* 284 NY 429; *Matter of Ruff,* 91 AD2d 814). Here, the record shows that decedent had become physically violent with the two nurses hired to care for him and that on two occasions, prior to respondent's departure, he struck and choked respondent. Such evidence of decedent's alleged abusive conduct toward respondent is sufficient to raise a material triable issue of fact as to whether respondent was justified in leaving the marital residence in the first instance *(see, Jeffrey v Jeffrey,* 172 AD2d 719, 720; *Dornbusch v Dornbusch,* 87 AD2d 883).

However, while her initial separation from decedent might be justified based upon decedent's misbehavior, it is nevertheless irrefutable that respondent subsequently decided, of her own volition, under circumstances where decedent's consent could not reasonably be inferred and in the absence of any alleged misconduct on his part, to sever all contact with decedent at the nursing home during the last 18 months of his life and establish a continuing relationship with another man. While we are mindful that the question of abandonment is almost always a question of fact *(see, Matter of Reifberg, supra),* this evidence is sufficient to establish "that hardening of resolve, that irrevocable decision by [respondent]" *(Phillips v Phillips,* 70 AD2d 30, 37) to terminate her prior conjugal relationship with decedent, and compels a finding of abandonment as a matter of law. Surrogate's Court should therefore have granted petitioner's application for summary judgment. Accordingly, we reverse and grant petitioner's motion for summary judgment.

Mercure, White, Casey and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and summary judgment awarded to petitioner.