OPINION OF THE COURT
Marylin G. Diamond, J.
Plaintiff wife, Cynthia Wu, and defendant husband, Chao Qiang Wu, were married on May 8, 1992. On July 11, 1994, plaintiff commenced an action for divorce against defendant alleging cruel and inhuman treatment (Domestic Relations Law § 170 [1]). On January 18, 1995, the Justice then presiding over this case denied defendant’s motion to dismiss the complaint *884 and granted plaintiffs cross motion to amend her divorce action to an action for annulment on the ground that defendant obtained her consent to marry him by fraud solely for the purpose of evading potential deportation proceedings. On August 30, 1995, that court granted, on default, defendant’s motion to amend his answer to interpose a counterclaim for abandonment. Defendant alleged therein that plaintiff abandoned him by leaving the marital home without just cause on or about April 5, 1994, several months prior to plaintiffs commencement of her divorce action.
Plaintiff now moves to dismiss defendant’s counterclaim on the ground that it is legally deficient because an abandonment claim requires that the abandonment continue for at least one year prior to the commencement of the action. Domestic Relations Law § 170 (2) provides that:
"An action for divorce may be maintained by a husband or wife to procure a judgment divorcing the parties and dissolving the marriage on any of the following grounds: * * *
"(2) The abandonment of the plaintiff by the defendant for a period of one or more years.”
Plaintiff argues that defendant cannot use the time period after plaintiffs departure to satisfy the one-year requirement, relying on Phillips v Phillips (70 AD2d 30 [2d Dept 1979]).
In Phillips (supra), plaintiff wife commenced a divorce action alleging cruel and inhuman treatment. At the time of defendant’s service of his answer plaintiff had been absent from the home for four months. Just prior to the trial, and immediately upon the lapse of a year after plaintiffs alleged abandonment, defendant moved to amend his answer to interpose a counterclaim for divorce on the ground of abandonment by plaintiff. At trial, proof of the abandonment was received by the trial court over plaintiffs counsel’s objections that defendant’s motion had not been decided. Following the trial, the trial court granted defendant’s motion to amend, dismissed plaintiff’s complaint for failure of proof, and granted judgment in favor of defendant on his counterclaim for abandonment.
The Second Department in reversing the trial court’s determination granting judgment to defendant held that dismissal of plaintiffs complaint did not automatically compel a finding of abandonment. The appellate court reasoned that defendant could not use the time after plaintiffs departure to satisfy the one-year requirement since plaintiff’s departure was the result of what she believed, even if mistaken, was defendant’s cruel and inhuman treatment, and that the very purpose of plaintiffs *885 action was to determine whether the separation was legitimate (Phillips v Phillips, 70 AD2d, supra, at 37).
Defendant argues that Phillips (supra) is distinguishable from the instant action because one year had lapsed before he served his answer and Phillips did not involve an action for annulment. Defendant’s contentions are unavailing.
In this case, plaintiff’s departure from defendant was based on her belief that the marriage was a sham because defendant obtained her consent to marry him through fraudulent representations. Specifically, she alleges that he never intended to cohabit with her; that they never consummated the marriage; and that defendant’s sole reason for marrying her was to circumvent this country’s immigration laws. Contrary to defendant’s contention, it is immaterial that one year elapsed before defendant served his answer and moved to amend his answer to assert his counterclaim. Whether plaintiff’s departure from defendant was justified or not is an issue that will be determined at trial. Therefore, her separation from defendant cannot form the basis of defendant’s abandonment claim for precisely the reasons stated in Phillips (supra).
Nor does the fact that this action is for annulment and not divorce change the outcome. Indeed, this is an even stronger case since, in an action for annulment based on fraud, departure is mandated upon acquiring full knowledge of the fraud. Section 140 (e) of the Domestic Relations Law provides in relevant part that "a marriage shall not be annulled * * * on the ground of fraud, if it appears that, at any time before commencement thereof, the parties voluntarily cohabited as husband and wife, with a full knowledge of the facts constituting the fraud.” If defendant’s counterclaim were permitted to stand, the result would be inequitable. Plaintiff would be forced then to choose between pursuing her annulment claim by ceasing cohabitation (risking an abandonment counterclaim), or giving up her annulment claim in order to avoid an abandonment counterclaim. The law does not and should not require plaintiff to face such a Hobson’s choice.
Accordingly, plaintiff’s motion to dismiss defendant’s counterclaim for abandonment is granted, and the counterclaim is hereby dismissed. Those branches of the motion seeking relief with respect to the counterclaim are rendered moot in view of this court’s present decision and order. That branch of the motion to dismiss defendant’s affirmative defense is denied.