◼ In the Matter of the Estate of Phyllis Morris, Deceased. Herman Thomas, Respondent; Jacqueline Morris et al., Appellants. [893 NYS2d 161]—

After the decedent died in 2006, the petitioner, whom the decedent married in 1971, commenced this proceeding pursuant to SCPA 1001 to obtain letters of administration for her estate. The decedent's two daughters (hereinafter the objectants) filed objections to the petition on the grounds that the petitioner was not qualified as a surviving spouse within the meaning of the EPTL because he had abandoned the decedent pursuant to EPTL 5-1.2 (a) (5), and had failed to support her pursuant to EPTL 5-1.2 (a) (6). A hearing was held on the objections. Although it is undisputed that the parties had little contact with each other after they physically separated in 1974, the objectants failed to establish at the hearing that the separation was without the consent of the decedent (*see Matter of Riefberg,* 58 NY2d 134, 137-138 [1983]; *Matter of Maiden,* 284 NY 429, 431-433 [1940]; *Matter of Mancuso,* 281 AD2d 874 [2001]). Thus, they failed to establish that the petitioner abandoned the decedent within the meaning of EPTL 5-1.2 (a) (5). Moreover, the objectants failed to establish that the petitioner had a duty to support the decedent or the means or ability to do so (*see Matter of Mancuso,* 281 AD2d at 874; *Matter of Gardner,* 176 AD2d 142 [1991]). Thus, the objectants failed to establish that the petitioner was disqualified as a surviving spouse pursuant to EPTL 5-1.2 (a) (6). Accordingly, the Surrogate's Court properly decreed that letters of administration be issued to the petitioner. Mastro, J.P., Eng, Hall and Austin, JJ., concur.