■ SANDRA JIMENEZ ZULUAGA, Respondent, v FABIAN OSPINA DIAZ, Appellant. [902 NYS2d 571]—

In an action for a divorce and ancillary relief, the defendant husband appeals (1), as limited by his brief, from so much of a money judgment of the Supreme Court, Westchester County (Tolbert, J.), dated February 23, 2009, as, upon a decision of the same court entered February 11, 2009, made after a nonjury trial, is in favor of the plaintiff wife and against him in the principal sum of $75,738, and (2) from a money judgment of the same court dated March 9, 2009, which, upon the decision entered February 11, 2009, is in favor of the wife's attorney, Anthony J. Pirrotti, and against him in the principal sum of $60,000.

Ordered that the money judgment dated February 23, 2009, is reversed insofar as appealed from, on the law; and it is further,

Ordered that the money judgment dated March 9, 2009, is reversed, on the law and in the exercise of discretion; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The parties were married on November 18, 2003, and have no children. The wife commenced this action seeking a divorce on the ground of cruel and inhuman treatment. The parties subsequently agreed in a so-ordered stipulation that the wife would be granted a divorce on the ground of constructive abandonment. After three days of trial, the wife moved to withdraw her complaint and discontinue the action, arguing, inter alia, that the trial had not begun because the court had not heard any testimony from her on grounds for a divorce. The Supreme Court denied the motion, and the wife's attorney stated that the wife would not testify as to grounds for a divorce. The trial then continued for six more days without any such testimony. Following the nonjury trial on ancillary issues, the

Supreme Court, among other things, awarded the wife the sum of $75,738 in marital property, and awarded the wife's attorney the sum of $60,000 in attorney's fees.

The Supreme Court improperly equitably distributed the parties' marital property in the absence of a judgment of divorce (*see Lyons v Lyons*, 187 AD2d 415, 416-417 [1992]; *Elkaim v Elkaim*, 123 AD2d 371, 372-373 [1986]). A judgment of divorce was not entered in this case, nor could the wife obtain a divorce on consent in the absence of competent oral proof or upon written proof that may be considered on a motion for summary judgment (*see* Domestic Relations Law § 211; *see also Elkaim v Elkaim*, 123 AD2d at 372). Furthermore, the Supreme Court improvidently exercised its discretion in making an award of attorney's fees under the circumstances of this case, in light of, inter alia, the fact that the wife did not obtain a divorce, that she refused to testify as to grounds for a divorce, and that her attorney continued to try the case even after there was no reason to do so (*see generally DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Sevdinoglou v Sevdinoglou*, 40 AD3d 959 [2007]; *Benzaken v Benzaken*, 21 AD3d 391 [2005]; *Herzog v Herzog*, 18 AD3d 707, 709 [2005]; *Palumbo v Palumbo*, 10 AD3d 680 [2004]).

Accordingly, so much of the money judgment dated February 23, 2009, as awarded the wife her equitable share of the marital property must be set aside, as well as the money judgment dated March 9, 2009, awarding attorney's fees to the wife's attorney. Rivera, J.P., Florio, Miller and Austin, JJ., concur.