■ In the Matter of SAM ATIRAM, Deceased. HADASSA ENGELS-BERG, Appellant; SHELLY ATIRAM, Respondent, et al., Petitioner. [921 NYS2d 570]—

In a proceeding pursuant to SCPA 1421 to determine the validity and effect of an election pursuant to EPTL 5-1.1-A asserted by Shelly Atiram against the estate of the decedent Sam Atiram, the objectant Hadassa Engelsberg appeals from an order of the Surrogate's Court, Kings County (Johnson, S.), dated December 16, 2009, which granted the petitioner's motion for summary judgment.

Ordered that the order is affirmed, with costs.

EPTL 5-1.1-A grants a surviving spouse a personal right of election to take a share of a decedent's estate. Here, Shelly Atiram (hereinafter the movant) made a prima facie showing of

entitlement to judgment as matter of law determining and recognizing her right of election to take a share of the decedent's estate by demonstrating that she married the decedent on January 2, 1952, and that they remained legally married until his death on October 13, 2005 (*see Matter of Berk*, 71 AD3d 883, 885 [2010]).

In opposition to the movant's prima facie showing, the appellant failed to raise any triable issues of fact as to whether the movant should be disqualified from taking an elective share of the decedent's estate on the ground of abandonment (*see* EPTL 5-1.2 [a] [5]; *Matter of Riefberg*, 58 NY2d 134, 138 [1983]; *see also Matter of Morris*, 69 AD3d 635, 636 [2010]; *Matter of Gardner*, 176 AD2d 142 [1991]; *cf. Matter of Baldo*, 210 AD2d 848, 850 [1994]; *Matter of Bennett*, 142 AD2d 578 [1988]), or whether she should be equitably estopped from taking an elective share of the decedent's estate (*cf. Matter of Berk*, 71 AD3d at 885-886). Accordingly, the Surrogate's Court properly granted the motion for summary judgment. Prudenti, P.J., Dillon, Balkin and Sgroi, JJ., concur.