Matter of Pilapil (2019 NY Slip Op 03790)





Matter of Pilapil


2019 NY Slip Op 03790


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2016-00667
2019-04033

[*1]In the Matter of Adonis Pilapil, deceased. Nimia Pilapil, appellant; Maria Piansay, respondent. (File No. 2755/13)


Donald M. Zolin, New York, NY, for appellant.
Bosworth, Gray & Fuller, Bronxville, NY (David Otis Fuller, Jr., of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to SCPA article 16 to obtain ancillary letters of administration for the estate of Adonis Pilapil, in which Nimia Pilapil petitioned to obtain letters of administration for the decedent's estate, Nimia Pilapil appeals from (1) an order of the Surrogate's Court, Westchester County (Brandon R. Sall, S.), dated December 7, 2015, as amended February 22, 2016, and (2) a decree of the same court dated March 7, 2016. The order, as amended, granted that branch of Maria Piansay's motion which was for summary judgment dismissing Nimia Pilapil's petition for letters of administration, in effect, granted that branch of Maria Piansay's motion which was for summary judgment on her petition for ancillary letters of administration, and denied Nimia Pilapil's cross motion for summary judgment on her petition for letters of administration and disqualifying Maria Piansay from receiving any proceeds of the decedent's estate. The decree, upon the order, as amended, directed that ancillary letters of administration be issued to Maria Piansay. The notice of appeal from the order, as amended, is deemed also to be a notice of appeal from the decree (see CPLR 5501[c]).
ORDERED that the appeal from the order, as amended, is dismissed; and it is further,
ORDERED that the decree is affirmed; and it is further,
ORDERED that one bill of costs is awarded to Maria Piansay, payable by Nimia Pilapil.
The appeal from the order dated December 7, 2015, as amended February 22, 2016, must be dismissed because the right of direct appeal therefrom terminated with the entry of the decree (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order, as amended, are brought up for review and have been considered on the appeal from the decree (see CPLR 5501[a][1]).
The decedent, Adonis Pilapil, died intestate on November 6, 2010. In July 2013, the decedent's surviving spouse, Maria Piansay, filed an application in a South Carolina court to be appointed as personal representative of the decedent's estate. The South Carolina court appointed [*2]Piansay as fiduciary of the decedent's estate.
Piansay then filed a petition in the Surrogate's Court, Westchester County, for ancillary letters of administration for the decedent's estate, seeking to obtain control of a condominium the decedent allegedly owned in New York. Thereafter, the decedent's sister, Nimia Pilapil (hereinafter Pilapil), filed a petition in the Surrogate's Court, Westchester County, for letters of administration for the decedent's estate.
Piansay moved for summary judgment on her petition for ancillary letters of administration and dismissing Pilapil's petition for letters of administration. Pilapil cross-moved for summary judgment on her petition for letters of administration and disqualifying Piansay from receiving any proceeds of the decedent's estate on the ground that Piansay had abandoned the decedent prior to his death. In an order dated December 7, 2015, the Surrogate's Court granted that branch of Piansay's motion which was for summary judgment dismissing Pilapil's petition for letters of administration and denied Pilapil's cross motion, finding, in effect, as a matter of law, that Piansay did not abandon the decedent. The court denied that branch of Piansay's motion which was for summary judgment on her petition for ancillary letters of administration. In an order dated February 22, 2016, the court recalled and vacated the December 7, 2015, order to the extent that it did not grant that branch of Piansay's motion which was for summary judgment on her petition for ancillary letters of administration and, in effect, granted that branch of her motion. On March 7, 2016, the court issued a decree directing that ancillary letters of administration for the decedent's estate be issued to Piansay. Pilapil appeals.
In support of her motion for summary judgment, Piansay established, prima facie, that she had priority to being issued ancillary letters of administration over all other distributees of the decedent by demonstrating that she married the decedent on October 12, 2007 (see SCPA 1001[1][a]; Matter of Jordan, 89 AD3d 1085). Pilapil did not dispute that Piansay and the decedent remained legally married on the date of the decedent's death. In opposition, Pilapil failed to raise a triable issue of fact as to whether the decedent should be disqualified from receiving ancillary letters of administration on the ground of abandonment (see EPTL 5-1.2[a][5]; Matter of Riefberg, 58 NY2d 134, 138; Matter of Maiden, 284 NY 429, 432; Matter of Atiram, 83 AD3d 1055, 1056; see also Matter of Morris, 69 AD3d 635).
Pilapil's remaining argument is improperly raised for the first time on appeal in her reply brief (see Matter of Calverton Manor, LLC v Town of Riverhead, 160 AD3d 829, 833; Collins v 7-11 Corp., 146 AD3d 931, 932).
Accordingly, we agree with the determination of the Surrogate's Court to direct that ancillary letters of administration for the decedent's estate be issued to Piansay.
DILLON, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court