■ MILTON SEAMAN, Appellant, v. HELEN SEAMAN, Respondent.— Judgment, Supreme Court, New York County, entered on December 3, 1970, unanimously modified, on the law and the facts, (1) to reverse that portion of the judgment granting defendant judgment upon her counterclaim based upon abandonment of the defendant by the plaintiff; (2) to reverse that portion of the judgment directing plaintiff to pay for the upkeep, care and maintenance of the child of the marriage, Maida Joan, who is now 23 years of age, and (3) to grant judgment of divorce to the plaintiff on the ground of the defendant wife's abandonment of the plaintiff and as so modified the judgment is otherwise affirmed without costs and without disbursements to either party. The findings of fact below which are inconsistent herewith are reversed and new findings are made as indicated herein. There is no basis in the record for any finding that the plaintiff husband abandoned the defendant. Nor is there any basis that defendant ever made any good faith efforts to reconcile. To the contrary, the prior history of this proceeding is conclusive as to the fact that it was the defendant who abandoned the plaintiff. Such was specifically determined in a prior action brought by the wife against the husband wherein the court found that the wife " without just cause, wrongfully excluded the defendant [husband] from their apartment * * * and that [she] * * * refused * * * to live and cohabit with defendant as husband and wife." That finding prevents the wife herein from urging the prior facts as a ground for abandonment of her by plaintiff. (*Harding* v. *Harding*, 198 U. S. 317, 340–341.) Indeed, any other holding herein would

improperly destroy or impair " the rights or interests established in the [prior] action ". (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 308.) The prior decision therefore is decisive on the issue of abandonment. Since the defendant has not shown any subsequent facts which altered the already existing status of the parties, the plaintiff was entitled to judgment of divorce based upon abandonment. As hereinbefore stated, there was no basis for any finding of a good faith attempt at reconciliation by the wife. But, even if there had been, once the wife abandoned the husband, his cause of action had accrued and any offer to return thereafter would be of no avail. (See *Bohmert* v. *Bohmert,* 241 N. Y. 446.) The court below also improperly directed support for the older daughter. The father's " obligation to support his child, absent exceptional circumstances, terminated when the child attained his majority. (*Sloan* v. *Sloan,* 286 App. Div. 1102.) The fact that the son is pursuing post-graduate work is not an unusual circumstance. (*Halsted* v. *Halsted,* 228 App. Div. 298)." (*Greenberg* v. *Greenberg,* 27 A D 2d 952.) Concur — McGivern, J. P., Markewich, Murphy and Tilzer, JJ.