WILLIAM A. SOUTHARD, as Administrator with the Will Annexed of the Estate of RALPH B. SOUTHARD, Deceased, Appellant, v DAVID B. ALFORD et al., Individually and as Copartners Doing Business as ALFORD & LYNES, Respondents.—Appeal from an order of the Supreme Court at Special Term, entered June 28, 1974 in Schoharie County, which denied plaintiff's motion for summary judgment. In 1960, the decedent, Ralph B. Southard, in poor health and in need of funds, turned to defendants for help. They agreed to purchase his property and the premises were conveyed to them. The oral contract of sale called for a purchase price of $30,000, $13,520.08 of which was to be paid upon resale of the parcel by defendants and the remaining $16,479.92 of which consisted of outstanding mortgages assumed by the defendants. It was further agreed that defendants would not have to pay Southard any interest on the unpaid balance of the purchase price. In 1973, defendants sold the parcel for $32,500 and tendered to plaintiff the sum of $11,670.08, arrived at by deducting from the unpaid balance of $13,520.08 a total of $1,850 which had been withheld by Ralph B. Southard from the rents collected for defendants. This tender was rejected by plaintiff who claims that defendants owe $13,520.08 plus interest from December 1, 1963, which is when Ralph B. Southard allegedly stopped withholding $50 per

month from the rents.* Summary judgment is a drastic remedy which should not be granted if there is any doubt as to the existence of factual issues *(Millerton Agway Coop. v Briarcliff Farms,* 17 NY2d 57). Here, Special Term found two issues of fact: (1) whether the $1,850 deducted by plaintiff's testator from the rents was intended as principal or interest; and (2) whether defendants' efforts to sell the property in question were reasonable under the circumstances. At oral argument the plaintiff stated that he has abandoned his contention that the deductions from the rents were not to be payments of principal, wherefore only the second issue remains. Although defendants' contract with plaintiff's testator did not specify any time within which defendants were to resell the property, the law implies a reasonable time *(Simon v Etgen,* 213 NY 589). Plaintiff contends that the delay of 12 years involved here was unreasonable as a matter of law and thus constituted a breach of contract, thereby obligating defendants to pay interest from the date of the breach. We have recently reiterated that the determination of what is a reasonable time is usually a question of fact *(Eastern Shopping Centers v Trenholm Motels,* 33 AD2d 930). Plaintiff, however, claims that the facts on this motion are undisputed. Since the allegations of the defendants must be accepted as true for the purposes of this motion *(Boden v Arnstein,* 293 NY 99), we are constrained to disagree. Prior to the commencement of this action, the highest offer ever received by defendants was $15,000. Furthermore, plaintiff's testator had been trying to sell for months before he finally pursuaded defendants to buy the property. It should be noted that the building had no foundation; most of it rested on a concrete slab and the rest of it was on dirt. Defendants also point out that during their years of ownership, they realized a net loss of $8,451.03. On the other hand, defendants admit that they tried for some time to obtain a minimum price of $40,000, which is alleged by plaintiff to have been motivated by defendants' desire to make a profit in disregard of their contractual obligations to plaintiff's decedent. The property was ultimately sold for $32,500, which defendants allege resulted in an over-all loss to them. Considering these various assertions by the parties, we agree with Special Term that there exist issues of fact as to the reasonableness of defendants' conduct, whether such conduct amounted to a breach of contract, and if so, when the breach occurred. Order affirmed, with costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.

---

* Since, as hereinafter appears, plaintiff now concedes that the unpaid principal balance was reduced by the monthly payments, it would appear that the amount on which interest would be computed, if plaintiff is entitled thereto, should be accordingly reduced.