■ KATHRYN E. LOVELL, Respondent, v MELVIN A. LOVELL, Appellant. —Appeal from a judgment of the Supreme Court, entered June 19, 1979 in Ulster County, upon a decision of the court at a Trial Term, without a jury, in favor of plaintiff. Plaintiff commenced an action for divorce on the ground of cruel and inhuman treatment on December 8, 1976, and defendant counterclaimed for a divorce on the ground of abandonment. After a trial without a jury, the court granted judgment to plaintiff dissolving the marriage on the ground of cruel and inhuman treatment, and dismissed defendant's counterclaim for failure of proof. Defendant appeals from the judgment contending that plaintiff failed to meet the burden of presenting the high degree of proof of cruel and inhuman conduct by defendant, which renders continued cohabitation unsafe and improper, which is required to dissolve a marriage of long duration, in this case 22 years, and that plaintiff's complaint should, therefore, have been dismissed. He also contends that there was ample proof in the record of the abandonment of defendant by plaintiff, and that his counterclaim should not have been dismissed. The parties were married in 1954. There are two children of the marriage who are both over 21 years of age. In 1969, defendant was employed as a prison guard and it was decided by the parties that he would give up that position and attend a school for funeral directors in Syracuse, New York. Defendant went to Syracuse and obtained a degree in mortuary science. He then served a one-year apprenticeship with a funeral director in Albany. During this time, plaintiff remained in Ulster County and simultaneously held three jobs to support herself and the children and maintain their home. While attending school, defendant held a part-time job with a youth rehabilitation center. During his apprenticeship he received a minimum salary from the employer. In 1973, the parties purchased a funeral home in Waverly, New York. The parties agreed that their home in Ulster County should be sold and that plaintiff should continue to occupy it until it was sold. Their daughter was attending a community college in Ulster County and remained with plaintiff. Their son accompanied defendant to Waverly, where he was enrolled in school. It was contemplated that the home would be quickly sold, but it took 30 months before the home was sold in April, 1976. Within the first week after plaintiff moved to the Waverly home she became engaged in an argument with her son, and defendant

struck her with a newspaper, causing bleeding of her mouth and nose. This was the only time that defendant struck plaintiff. The situation continued to deteriorate between the parties, and plaintiff returned to Ulster County in May of 1976. Plaintiff returned on Memorial Day in 1976, hoping to salvage their marriage. According to plaintiff, defendant, on several occasions, said he would leave the home if it were not for his business that was located there. He testified that he did not urge plaintiff to leave, but did make suggestions that in her emotional state he felt that possibly it would be good for her to be by herself. He also testified, "It was driving us both crazy in that we couldn't live this way." Plaintiff left their home in August, 1976. Plaintiff described herself as feeling destroyed, emotionally bankrupt, torn apart, in shock, terribly unhappy, constantly crying, and losing weight. In granting the relief sought by plaintiff, the court said: "It is this Court's opinion that viewed in perspective under the totality of the circumstances, that the conduct of the defendant herein was cruel and inhuman and brought about such tension and emotional anxiety as renders it unsafe and improper for the plaintiff to cohabit with the defendant. * * * I sensed at the time of the trial, and that sense has been reaffirmed in a careful rereading of the transcript that the plaintiff exerted efforts to communicate with the defendant without reciprocity." The evidence before the trial court amply supports its findings of fact, and we see no reason to disturb its determination. By defendant's own statement, the mental well being of the parties was in jeopardy. The court also properly dismissed defendant's action for divorce on the ground of abandonment. The record clearly shows that plaintiff left on defendant's suggestion, and although on several occasions she visited him in attempts at a reconciliation, he refused to discuss their problems and told plaintiff she could return only on his terms. The judgment appealed from should, therefore, be affirmed. Judgment affirmed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur.