■ MICHELE DE FELICE, Respondent, v JULIA M. DE FELICE, Appellant. — Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered August 12, 1982 in Ulster County, which denied defendant's motion for summary judgment. This action for divorce based on the grounds of cruel and inhuman treatment was commenced by plaintiff husband on August 6, 1979. The parties were married on June 28, 1970. Plaintiff left the marital residence in November, 1979. Plaintiff based his claim of cruel and inhuman treatment on the fact that defendant complained of the type of home they were living in, plaintiff's salary, his lack of education, and the fact that she had to live far away from her family and friends. Plaintiff further alleged that defendant spent money excessively, was irresponsible and did not adequately care for their two children. Finally, he claimed that on two occasions defendant physically assaulted him. In her answer, defendant denied all the allegations and affirmatively placed the blame for the failure of the marriage on plaintiff. A trial was had and at the close of plaintiff's case both parties moved to conform the pleadings to the proof and defendant also moved to dismiss the complaint. The court, without commenting on the motion, granted a joint divorce on the grounds of cruel and inhuman treatment. Thereafter, the court restored the case to the Trial Calendar and denied defendant's motion to dismiss. Subsequently, defendant moved for summary judgment upon the ground that no triable issue of fact existed. The court, however, treated the motion as one for reargument of the court's prior order and decision, and denied it in all respects by order entered August 12, 1982. This appeal from the latter order ensued and defendant contends that the court erred in treating her summary judgment motion as one for reargument and further contends that the court should have granted her summary judgment since there were no triable issues of fact. The purpose of a motion for summary judgment is to expedite matters by disposing of those claims which can be resolved as a matter of law without a trial (*Andre v Pomeroy,* 35 NY2d 361, 364). Here plaintiff had put in all his proof and defendant, relying, *inter alia,* on that proof, moved for summary judgment in order to avoid an unnecessary retrial. A prior motion to dismiss for failure to state a cause of action does not preclude a motion for summary judgment (*Fink v Horn Constr. Co.,* 58 AD2d 574, 575). The court, therefore, in our opinion, erred in treating defendant's motion as one for reargument rather than one for summary judgment. Passing to the second issue raised by defendant, we are of the view that the court erred in not

granting her motion for summary judgment. Assuming all of plaintiff's testimony and allegations to be true (*Strychalski v Mekus,* 54 AD2d 1068, 1069; *Southard v Alford,* 50 AD2d 664, 665), the conduct outlined does not rise to the level of cruel and inhuman treatment as contemplated by subdivision (1) of section 170 of the Domestic Relations Law. Our courts have consistently held that this subdivision does not authorize the granting of a divorce based on incompatibility or irreconcilable differences (*Hessen v Hessen,* 33 NY2d 406, 410; *Warguleski v Warguleski,* 79 AD2d 1107). The conduct must so endanger plaintiff's physical or mental well-being as to render it unsafe or improper for him to cohabit with defendant (*Sirote v Sirote,* 54 AD2d 694). Such, on this entire record, is not the situation presented herein. Plaintiff offered no medical proof to demonstrate that his wife's conduct substantially impaired his health (*Schapiro v Schapiro,* 27 AD2d 667), or that the conduct made it unsafe or improper for him to cohabit with her (*Echevarria v Echevarria,* 40 NY2d 262, 264). There must be a reversal and defendant's motion for summary judgment should be granted. Order reversed, on the law, with costs, and defendant's motion for summary judgment granted. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.