■ ROBERT P. HAGE, Appellant-Respondent, v NANCY HAGE, Respondent-Appellant.—Main, J. Cross appeals from a judgment of the Supreme Court granting plaintiff a divorce, entered March 6, 1984 in Otsego County, upon a decision of the court at Trial Term (Harlem, J.), without a jury.

The parties were married on April 10, 1966 and are the parents of two sons who, at the time of this trial, were minors. They lived in a jointly owned home in the Village of Schenevus, Town of Maryland, Otsego County, and it appears that

marital expenses were met from pooled resources. Plaintiff was a teacher and guidance counselor throughout the marriage; defendant worked as a teacher on a regular basis during the marriage, except for 1972, until June 1980. In August 1980, defendant began attending Vermont Law School as a full-time student, a decision which had been jointly made by the parties. Although no thought had been given to the possibility that defendant would not return to the marital relationship and home during vacations and at the conclusion of her studies, it is apparent that during her attendance at law school, the parties encountered irreconcilable differences.

Plaintiff commenced this action seeking a divorce on the ground of abandonment, and defendant counterclaimed for divorce based on cruel and inhuman treatment. Both parties sought equitable distribution and child support, with plaintiff desiring sole custody and defendant seeking joint custody of the children. Following a nonjury trial, Trial Term granted plaintiff a divorce on the ground of abandonment and dismissed defendant's counterclaim for divorce. Trial Term also, *inter alia,* made an award of equitable distribution, granted child support to plaintiff and denied defendant's application for counsel fees. From the judgment entered thereon, the parties cross-appeal.

Although the record reveals that at the beginning of the trial the parties stipulated to withdraw their responsive pleadings so as to permit each party to obtain a divorce against the other as if by default, it appears that the parties, nonetheless, presented evidence in support of their respective allegations for divorce. Indeed, at oral argument of this appeal, the parties did not concede that they were not contesting Trial Term's grant of a divorce to plaintiff and dismissal of defendant's counterclaim for divorce. Accordingly, we shall consider whether the allegations and proof presented in support of each party's claim for divorce were sufficient and whether Trial Term's determination on these issues were proper.

To obtain a divorce on the ground of cruel and inhuman treatment, defendant was required to establish a pattern of conduct by plaintiff which was harmful to her physical or mental health and made cohabitation unsafe or improper (Domestic Relations Law § 170 [1]; *Brady v Brady,* 64 NY2d 339, 343). A finding of fault is required and, thus, irreconcilable or irremediable differences are insufficient in and of themselves (*Brady v Brady, supra*). Furthermore, whether conduct constitutes cruel and inhuman treatment depends, in part, on the duration of a marriage, with a greater showing required

for longer marriages (*supra,* pp 344-345; *see, Wilkins v Wilkins,* 91 AD2d 771, 772). Finally, a trial court enjoys broad discretion in determining whether conduct constitutes cruel and inhuman treatment and we are reluctant to overturn such a decision (*Forcucci v Forcucci,* 96 AD2d 751; *see, Brady v Brady, supra,* p 345).

In this case, defendant alleged and testified that plaintiff forced her to have sex with him in 1978 and 1979 and discussed her frigidity with others in her presence, thereby causing her humiliation and embarrassment. She further pointed out that plaintiff's conduct caused her to become extremely distressed, tense and anguished, and to suffer insomnia, headaches and outbreaks of hives, for which she was compelled to use tranquilizers. Such conduct, claims defendant, constituted cruel and inhuman treatment which entitles her to a divorce on these grounds. Defendant failed, however, to adduce medical testimony to support her claims and her self-diagnosed ailments are unpersuasive (*see, Wilkins v Wilkins, supra; see also, De Felice v De Felice,* 92 AD2d 1044, 1045). Furthermore, in this relatively lengthy marriage, the other conduct complained of does not rise to a level which indicates that continued cohabitation would be unsafe or improper; plaintiff's conduct is simply not sufficiently serious or severe (*see, e.g., Breckinridge v Breckinridge,* 103 AD2d 900). Although it is clear from the record that the parties are incompatible, a divorce cannot be granted merely because there is a "dead marriage" (*Brady v Brady, supra,* pp 345-346). Accordingly, we cannot say that Trial Term abused its discretion in dismissing defendant's counterclaim for divorce based on cruel and inhuman treatment.

We further conclude that there is insufficient evidence that defendant abandoned plaintiff in October 1980, as alleged in the complaint as amended. To grant a divorce on the ground of abandonment requires that one spouse not fulfill the basic obligations of the marriage relationship for a period of one year or more and that said conduct be unjustified and without the consent of the abandoned spouse (Domestic Relations Law § 170 [2]; *Schine v Schine,* 31 NY2d 113, 119). The evidence must show a "hardening of resolve" by one spouse not to live with the other (*Phillips v Phillips,* 70 AD2d 30, 37-38). In this case, we cannot identify sufficient facts which establish this hardening of resolve. For example, defendant continued to visit the marital residence after October 1980, the final visit being in February 1982. During this visit, it was plaintiff who ordered defendant to leave the house and not return except on

terms delineated by plaintiff. It is therefore difficult to conclude that defendant abandoned plaintiff when defendant continued to visit the house and plaintiff ordered her to leave (*see, Lovell v Lovell,* 75 AD2d 913, 914). Defendant's failure to live at home during the summer between her first and second years of law school might have resulted from an argument which occurred when plaintiff traveled to Vermont at the end of the school year and, in light of defendant's subsequent visits to the marital residence, does not exhibit the necessary hardened resolve.

The context in which defendant remarked that she would never return to Worcester, Schenevus or Cooperstown, localities in which plaintiff had lived, was not developed and, considering her later visits to the marital residence, it is difficult to find abandonment based on this remark. Moreover, the absence of a sexual relationship between the parties for more than one year, standing alone, is insufficient to establish abandonment, for plaintiff failed to allege that he requested and defendant wrongfully refused sexual relations (*see, Nicholson v Nicholson,* 87 AD2d 645). Based on the record before us, there is insufficient evidence to conclude that plaintiff was abandoned by defendant, and Trial Term's conclusion in this regard was in error. In the absence of sufficient evidence to support the granting of a divorce to either party, the awards of equitable distribution and child support were improper and we need not address the arguments raised concerning these aspects of the judgment. Finally, we cannot say that Trial Term abused its discretion in denying defendant's application for counsel fees.

Judgment modified, on the law, without costs, by reversing so much thereof as granted plaintiff a divorce by reason of defendant's abandonment and made awards of equitable distribution and child support, and, as so modified, affirmed. Kane, J. P., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.