■ MABEL I. LE RUZIC, Respondent, v JOHN J. LE RUZIC, Appellant.—Mikoll, J. Appeal from a judgment of the Supreme Court granting plaintiff a divorce and ordering equitable distribution of the parties' marital property, entered January 3, 1986 in Schoharie County, upon a decision of the court at Trial Term (Hughes, J.), without a jury.

The issues raised on this appeal are (1) did Trial Term err in finding that the proof adduced at trial was sufficient to establish cruel and inhuman treatment; (2) was the distribution of assets in accord with the Equitable Distribution Law; and (3) was the award of $100 per month maintenance for a 10-year period to plaintiff in accordance with Domestic Relations Law § 236 (B) (6).

There should be an affirmance. The evidence adduced was sufficient to justify a divorce on grounds of cruel and inhuman treatment. Defendant's verbal and, at times, physically abusive and threatening behavior caused plaintiff physical distress causing plaintiff to go to a physician who determined that her kidneys might be affected. The evidence supports the

finding that defendant's conduct adversely affected plaintiff's physical and mental health and constituted cruel and inhuman treatment. A judgment of divorce was, consequently, appropriately granted.

In a detailed and thorough decision, Trial Term adjudged what was marital property. The real estate jointly held by the parties and given to them both by defendant's mother was correctly found to be marital property. We are also in accord with the court's assessment of value of the marital residence as being $39,500. We concur as well with Trial Term's finding that the minor boundary encroachment of the property is remediable. The award of $15,000 to plaintiff as her share of the marital property is just under the circumstances. Both parties contributed equally to the purchase of the mobile home and to the maintenance of the marital residence to the extent of their respective incomes during their 10-year marriage.

Finally, on the question of the award of maintenance of $100 per month for a 10-year period, we find that Trial Term considered the relevant factors as set forth in Domestic Relations Law § 236 (B) (6). Specifically, we find that plaintiff's inferior health, limited earning capacity and assets, a lack of pension and medical benefits, and the possibility of becoming a public charge justify the award of maintenance. Defendant earns substantially more than plaintiff, enjoys good health and has vested pension rights as well as medical protection. Under these circumstances, we find that the award of maintenance to plaintiff was appropriate.

Judgment affirmed, with costs. Mahoney, P. J., Main, Mikoll, Levine and Harvey, JJ., concur.