■ DONNA M. ZUIDEMA, Appellant, v LAWRENCE W. ZUIDEMA, Respondent.—Mikoll, J. Appeal from that part of an order of the Supreme Court (Bryant, J.), entered November 19, 1986 in Tompkins County, which granted defendant summary judgment dismissing the complaint with leave to plaintiff to amend.

The parties were married in the Town of Roxbury, Delaware County, on August 16, 1961 and had two children. On August 22, 1985, plaintiff commenced the instant action for divorce pursuant to Domestic Relations Law § 170 based on cruel and inhuman treatment. Defendant filed an answer containing the affirmative defense of failure to state a cause of action.

On August 26, 1986, defendant moved to dismiss the complaint for insufficient particularity (CPLR 3013) and for failure to state a cause of action. Plaintiff cross-moved for an order granting temporary counsel fees, temporary appraisal fees, expert witness fees, temporary maintenance and preclusion. Supreme Court on its own motion treated defendant's motion as one for summary judgment and, without opinion, issued an order which, *inter alia,* dismissed the complaint with leave to amend. This appeal by plaintiff ensued.

We note initially that Supreme Court had before it a motion to dismiss directed to the sufficiency of the pleadings. Supreme Court improperly denominated the motion as one for summary judgment. We therefore treat the dismissal as one directed to the adequacy of the pleadings.

The principles of law in this area are settled. "A divorce may be granted on the basis of cruel and inhuman treatment which so endangers the plaintiff's physical or mental well-being that it would be unsafe or improper for the plaintiff to continue cohabiting with the defendant (Domestic Relations Law § 170 [1]). Proof of irreconcilable or irremediable differences or proof that the marriage is 'dead' is insufficient to establish cruel and inhuman treatment * * * In a marriage of long duration a high degree of proof is required for a divorce based on cruel and inhuman treatment to be granted" *(Niles v Niles,* 126 AD2d 874 [citations omitted]). Further, a trial court enjoys broad discretion in determining whether conduct con-

stitutes cruel and inhuman treatment and we are reluctant to overturn such a decision *(see, Forcucci v Forcucci,* 96 AD2d 751; *see also, Brady v Brady,* 64 NY2d 339, 345; *Hage v Hage,* 112 AD2d 659, 661).

In the instant case, plaintiff has failed to present factual evidence on defendant's motion to demonstrate that defendant has engaged in a pattern of conduct which was harmful to her physical or mental health and made cohabitation with her spouse unsafe or improper *(see, Hage v Hage, supra,* at 660-661). She also failed to furnish medical evidence to sustain her claim of harm *(see, supra,* at 661). Accordingly, Supreme Court's order should be affirmed.

Order affirmed, without costs. Kane, J. P., Main, Mikoll, Levine and Harvey, JJ., concur.