OPINION OF THE COURT
Irad S. Ingraham, J.
Plaintiff Constance Preston brings suit for a judgment of divorce upon the grounds of cruel and inhuman treatment, and further requests maintenance, possession of the marital residence, and equitable distribution.
Defendant now moves for summary judgment upon the *152 ground that the plaintiff has failed to allege conduct which would sustain an action for divorce based upon cruel and inhuman treatment.
The parties, represented by counsel, appeared before this court for oral argument on March 17, 1995.
FACTUAL BACKGROUND
The parties to the suit were married on July 25, 1954 in the Village of Cobleskill, New York. In the intervening years, three children were born of the marriage, all of whom are now emancipated. In 1994, Patti, the youngest daughter of the marriage, was married to a gentleman of Puerto Rican descent. Defendant vigorously objects to this marriage expressing racist views and castigating the plaintiff for her support of her daughter’s marriage.
By service of summons and complaint dated August 19, 1994, plaintiff Constance Preston brought an action for a divorce on the grounds of cruel and inhuman treatment. Affidavits supplied in response to this motion establish that her preexisting migraine headache problems have been exacerbated by the continuing household friction. She has undergone psychiatric counselling.
Plaintiff avers that defendant would publicly castigate their daughter for her marriage, would berate the plaintiff and their other children and grandchildren for their support of said marriage, and went so far as to demand that the daughter and son-in-law be banned from their household and ostracized from the family entirely. Plaintiff contends that as a result thereof, she has become isolated from her children and grandchildren. Plaintiff further alleges that throughout the marriage, the defendant has rejected the companionship of his wife, and that she has been forced to assume a submissive role in the marriage in order to avoid any friction in the family.
CONCLUSIONS OF LAW
In support of her action for divorce, plaintiff contends that the defendant’s continued objections to their daughter’s marriage have caused her humiliation, social embarrassment, stress, and hypertension. In her complaint, plaintiff alleges:
"c. That on the date of the marriage between the daughter and her husband, deponent took pictures of social events after the ceremony and did, on or about the 10th day of May, 1994, *153 hang a composite of several photographs on the livingroom [sic] wall of said residence, and that the defendant went into a verbal tirade stating in part that the plaintiff was a 'nigger lover’; that he wanted no 'nigger’ pictures hanging on the wall in his house, and that if she did not take same down, he would smash them.
"d. That on or about the 10th day of May, 1994, and on several occasions thereafter, the defendant has stated to the plaintiff that she is a 'nigger lover’ and that every time he looks at her he feels like puking.
"e. That on the occasion of the wedding between the daughter and the aforementioned son-in-law, the defendant refused to attend said ceremony and participate in same, and he did absent himself from the marital residence from Friday morning until the following Monday and refused to give an account of his whereabouts.
"f. From prior to the marriage in April of 1994 to date, the defendant has refused to speak to the aforementioned daughter or acknowledge her husband and had impeded the plaintiff from exercising social relationships with her daughter and son-in-law, said son-in-law in the opinion of the plaintiff being a person of fine and exemplary character.
"g. Since the marriage of plaintiff’s daughter, the defendant has refused to converse with the plaintiff as is customary between husband and wife or to discuss any matters relating to their marriage, financially or otherwise, and the defendant conducts a social life to the exclusion of the plaintiff.
"h. That in the infrequent conversations had between the parties since April of 1994, the defendant accuses the plaintiff of placing her daughter ahead of him by having social contact with said daughter.”
Pursuant to Domestic Relations Law § 170 (1), a high standard is required for a party to maintain an action for divorce upon the ground of cruel and inhuman treatment. A mere showing of a "dead marriage” or of irreconcilable differences is insufficient, particularly in a marriage of long duration. (Hage v Hage, 112 AD2d 659, 661 [3d Dept 1985]; Wilkins v Wilkins, 91 AD2d 771, 772 [3d Dept 1982].)
The plaintiff must demonstrate some course of conduct on the part of the defendant which so endangers the physical or mental health of the plaintiff as to render continued cohabitation unsafe or improper. (Zuidema v Zuidema, 135 AD2d 934, *154 935 [3d Dept 1987]; O’Connell v O’Connell, 116 AD2d 823, 824 [3d Dept 1986]; Hessen v Hessen, 33 NY2d 406 [1974].)
However, the plaintiff need not establish actual instances of physical abuse. Rather, a course of conduct involving verbal abuse, intimidation, and harassment may be sufficient. (Bulger v Bulger, 88 AD2d 895, 896 [2d Dept 1982].)
While this case will not be presented to a jury, it is still in the pretrial posture where, in response to the summary judgment application, plaintiff must merely document sufficient factual issues to warrant continuation to trial.
Plaintiff contends that as a result of the defendant’s conduct, she has suffered increased migraine headaches and stress, and has supported these contentions with medical records. Doctors Marvel and Hamilton both conclude that these medical problems have been aggravated as a direct result thereof. Plaintiff’s serious medical ailments, attributed to defendant’s behavior, create substantive issues whether continued cohabitation with the defendant would be patently unsafe and improper. (Gascon v Gascon, 187 AD2d 955 [4th Dept 1992]; Riegler v Riegler, 161 AD2d 227, 228 [1st Dept 1990]; Le Ruzic v Le Ruzic, 127 AD2d 940, 941 [3d Dept 1987].)
Racism is anathema in today’s society. The defendant’s derogatory racial slurs, if true, are patently offensive. Such outmoded prejudices are rejected by society at large, and undermine plaintiff’s social and familial assimilation. The plaintiff should not be compelled to remain in an environment of racism if it results in emotional illness. These alleged acts of the defendant, if proven true at trial, constitute a course of conduct which would render continued cohabitation of the parties unsafe for plaintiff’s psychological and emotional well-being.
The plaintiff’s contentions rise above mere incompatibility or disharmony in the marriage. The defendant’s conduct affects her physical and mental well-being and goes to the very heart of the marital relationship. Therefore, plaintiff’s contentions, if true, are legally sufficient to support a divorce upon the grounds of cruel and inhuman treatment. (Smith v Smith, 206 AD2d 255 [1st Dept 1994]; Riegler v Riegler, 161 AD2d, at 228, supra; Gascon v Gascon, 187 AD2d, at 955, supra; Chinnis v Chinnis, 119 AD2d 965 [3d Dept 1986].)
Accordingly, defendant’s motion for summary judgment is denied.