■ Sandra Grossfield, Respondent, v Sherwin Grossfield, Appellant. [639 NYS2d 712] —In an action for a divorce and ancillary relief, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated December 12, 1994, as denied his motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action and for summary judgment on his counterclaim. The appeal brings up for review so much of an order of the same court, entered February 14, 1995, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated December 12, 1994 is dismissed, as that order was superseded by the order entered February 14, 1995, made upon reargument; and it is further,

Ordered that the order entered February 14, 1995 is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff detailed in her complaint and a subsequent affidavit (see, e.g., Sopesis Constr. v Solomon, 199 AD2d 491; Joel v Weber, 166 AD2d 130) a pattern of cruel conduct toward her by her husband, such that her continued cohabitation with him could reasonably be construed as unsafe or improper because it was potentially harmful to her physical and/or mental health (see, Domestic Relations Law 170 [1]; Brady v Brady, 64 NY2d 339; cf., Horvath v Horvath, 177 AD2d 617; Zuidema v Zuidema, 135 AD2d 934; Hage v Hage, 112 AD2d 659). Therefore the court properly denied the branch of the defendant's motion pursuant to CPLR 3211 (a) (7) which was to dismiss the complaint.

The court, also properly denied the branch of the defendant's motion which was for summary judgment on his counterclaim. The issue of whether the securities that the husband claims he kept under lock and key were separate or marital property is one of fact for the jury. Rosenblatt, J. P., Miller, Ritter and Friedmann, JJ., concur.