■ Peter A. Wallin, Respondent, v Mariel G. Wallin, Appellant. [650 NYS2d 326] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Fromer, J.H.O.) granting plaintiff a divorce and ordering equitable distribution of the parties' marital property, entered December 7, 1994 in Columbia County, upon a decision of the court.

The parties were married in July 1961 and separated in 1979. Plaintiff commenced this action for divorce in October 1990 al-

leging defendant's abandonment (*see,* Domestic Relations Law § 170 [2]). Following a nonjury trial at which only plaintiff testified on the issue of fault, Supreme Court granted the divorce and ordered equitable distribution. Defendant appeals.

The pivotal issue is whether plaintiff's testimony established a cause of action for abandonment. It is well settled that a spouse alleging abandonment must demonstrate that the other spouse has refused to "fulfill the basic obligations of the marriage relationship for a period of one year or more and that said conduct [was] unjustified and without the consent of the abandoned spouse" (*Hage v Hage,* 112 AD2d 659, 661; *see, Schine v Schine,* 31 NY2d 113, 119). When one spouse, by engaging in misconduct, compels the other spouse to involuntarily leave the marital home, the spouse forced to leave is deemed to have been abandoned (*see, Schine v Schine, supra,* at 119; *Caprise v Caprise,* 143 AD2d 968, 970). Furthermore, "[t]he evidence must show a 'hardening of resolve' by one spouse not to live with the other" (*Hage v Hage, supra,* at 661; *see, Phillips v Phillips,* 70 AD2d 30, 37-38).

A review of plaintiff's brief testimony reveals that in February 1979, after the parties experienced marital difficulties, defendant requested that plaintiff leave the marital residence. Although plaintiff stated that he did not want to leave the home, he gathered his clothes and left within half an hour. Plaintiff acknowledged that defendant's request, which was made on only that one occasion, was his sole reason for leaving the marital residence. Plaintiff admitted that he returned to the marital residence for three overnight visits during the first year of the parties' separation. Plaintiff stated that during each of these visits he slept with defendant and had sexual relations with her. The evidence also showed that plaintiff returned to the marital residence for meals on his children's birthdays and on holidays, that defendant never locked the doors to keep him out of the marital residence and never denied him entry to the premises. Although plaintiff vaguely recounted that during one of his overnight visits he requested defendant to resume cohabitation and was refused, it also appears that defendant may have made requests for him to return which he did not take "seriously".

A divorce may be awarded on this record only if defendant's fault is clearly established. Taken as a whole, we do not find sufficient facts to establish that defendant's conduct compelled plaintiff's departure and/or that defendant exhibited the requisite hardened resolve not to live with plaintiff (*see, Hage v Hage,* 112 AD2d 659, 661-662, *supra; see also, Haymes v*

*Haymes,* 221 AD2d 73, 76). We therefore conclud dence was insufficient to support Supreme Court divorce on this ground (*see, Caprise v Caprise,* 1 971, *supra*). Accordingly, we reverse the judgmen the complaint.

Mercure, White, Casey and Spain, JJ., concur. Ordered that the judgment is reversed, on the law and the facts, without costs, and complaint dismissed.