■ GAIL L. HAYMES, Appellant, v STEPHEN D. HAYMES, Respondent. [675 NYS2d 593] —Order, Supreme Court, New York County (Joan Lobis, J.), entered August 14, 1997, which dismissed plaintiff's cause of action for constructive abandonment following a nonjury trial, unanimously reversed, on the law and the facts, without costs, the cause of action reinstated and the matter remanded for the entry of a judgment of divorce on the ground of constructive abandonment and trial on the distribution of the marital assets.

After more than 20 years of marriage, defendant left the marital home in 1987 and plaintiff commenced the instant action for divorce in 1988, alleging adultery, abandonment, constructive abandonment and cruelty. The then-assigned Supreme Court Justice dismissed both abandonment claims prior to trial, finding that the parties had lived together and engaged in sexual relations during a brief attempt to reconcile following commencement of the action, and that such conduct defeated the abandonment claims as a matter of law. After a trial, the remaining claims were also dismissed. Upon plaintiff's appeal from dismissal of the abandonment claims, this Court reinstated them, finding that, as discussed *infra*, the conduct alleged did not preclude granting a divorce on the ground of constructive abandonment as a matter of law (*Haymes v Haymes*, 221 AD2d 73).

Upon remand for trial, the presently assigned Supreme Court Justice dismissed the abandonment claim on the pleadings and, following a trial, the court dismissed the constructive abandonment claim as well. The trial court credited plaintiff's testimony that, for the four years preceding the commencement of this action, defendant had refused to have sexual relations with plaintiff despite her repeated requests and discredited defendant's account of the marriage in this regard, including his explanation for his departure from the marital home. Despite this evidence, which would otherwise suffice to warrant a finding of constructive abandonment (*see, e.g., Pascarella v Pascarella* [appeal No. 2], 210 AD2d 915; *Lyons v Lyons*, 187 AD2d 415), the court believed there was an "impediment" that precluded it from making such a finding. This impediment was the fact that during a "good faith attempt at reconciliation" several months after the commencement of the

action, the defendant had "reestablished his presence in the marital home" and the parties had engaged in sexual relations (they disputed where and how often this occurred). The court thus concluded that plaintiff could not base the fault ground of constructive abandonment on the "parties' lack of sex in the marriage * * * given the resumption of an active married life after commencement of this proceeding." Thus, in simplest terms, the previous lack of sex between the parties was canceled out by the resumption of sexual relations during an abortive reconciliation attempt.

In keeping with the analysis set forth on the prior appeal, we now reverse, finding that, upon consideration of the totality of the circumstances, the brief interlude of cohabitation and sexual relations between the parties during an unsuccessful attempt to reconcile does not result in plaintiff's forfeiture of an otherwise valid claim of constructive abandonment. Indeed, as the trial court clearly recognized, but for this brief interlude, there was sufficient evidence on which to grant plaintiff a divorce on this ground.

When we first considered this issue on the prior appeal, we stated "[t]oday, we hold that an estranged couple's attempt at a reconciliation, even where it involves the brief and isolated resumption of cohabitation and/or sexual relations, after a matrimonial action has already been commenced, does not, as a matter of law, preclude an entry of judgment in favor of the spouse who originally had an otherwise valid claim for abandonment. Rather, the trial court should examine the totality of the circumstances surrounding the purported reconciliation, before determining its effect, if any, upon the pending marital proceeding." (*Haymes v Haymes*, 221 AD2d 73, 80, *supra*.) The factors to be considered include "whether the reconciliation and any cohabitation were entered into in good faith, whether it was at all successful, who initiated it and with what motivation" (*supra*, at 80). While recognizing that this approach is difficult to apply, we concluded that adopting such approach was "not only consonant with human experience and common sense, but with the public policy and law of our State as well." (*Supra*, at 80.) Absent this approach, parties might well be reluctant to attempt a reconciliation if the very attempt, should it prove unsuccessful, might deprive them of otherwise valid grounds for divorce.

Thus, as should be clear from this analysis, the dispositive issue is not whether the parties cohabited and engaged in sexual relations; rather, it is all of the circumstances surrounding such conduct, that will determine what "effect, *if any*"

(*supra,* at 80; emphasis added) it will have upon the pending proceeding. The trial court erred, therefore, in finding that the resumption of sexual relations was an impediment to a finding of constructive abandonment. To the contrary, upon consideration of the totality of the circumstances, and particularly in view of the unsuccessful nature of the attempt at reconciliation, we conclude that the resumption of those relations does not deprive plaintiff of her constructive abandonment claim.

The attempted reconciliation apparently began after defendant accepted plaintiff's invitation to a party at the marital residence in November 1988 and lasted approximately six weeks. Defendant's picture of marital bliss during this period, however, was not only denied by plaintiff but also is belied by his own account of plaintiff's violent behavior toward him on various occasions during this time, consisting of several physical and verbal attacks (graphically described in his answer and counterclaim), including, according to him, a "wild and uncontrollable rampage" at his office. In addition, plaintiff had reason to believe that defendant was still seeing other women, and there was conflicting evidence as to whether defendant spent every night at the marital residence during this period.

Accordingly, when all the circumstances surrounding the purported reconciliation are considered, it is clear that the brief attempt to reconcile was unsuccessful, and thus, to the extent there was any cohabitation and sexual relations between the parties during that time, that conduct does not defeat plaintiff's cause of action for divorce on the ground of constructive abandonment, evidence of which the court found credible and persuasive. Concur—Milonas, J. P., Rosenberger, Wallach, Williams and Mazzarelli, JJ.