■ TIBOR ARANY, Appellant, v MAGDALENA ARANY, Respondent. [723 NYS2d 660] —Order, Supreme Court, New York County

(Elliott Wilk, J.), entered March 8, 2000, which, *inter alia*, confirmed a Special Referee's report on the issue of equitable distribution, unanimously affirmed, without costs.

The record supports the finding that, from 1989 to 1998, plaintiff husband diverted to his personal use over $500,000 in income from the main marital asset, a 66-unit apartment building owned by MTA Management Corp. Pursuant to an August 1989 stipulation, so-ordered by Supreme Court, all receipts from the operation of the building were to be deposited in the corporate bank account, discretionary expenditures were to be approved by both plaintiff and defendant's attorneys, and plaintiff was to supply accountings to defendant, as directed by the court. The stipulation further provides that any diverted funds would be regarded as fraudulent transfers, deducted from plaintiff's share of the marital property and credited to defendant.

While plaintiff thwarted the attempt to document corporate receipts and expenditures, the Special Referee reasonably concluded that plaintiff diverted at least $50,000 a year from the corporation to his personal use over a 10-year period and, thus, the award of $500,000 to defendant was proper, as was the computation of 9% interest from January 1995, a reasonable, intermediate date (CPLR 5001 [b]). The record also supports the finding that plaintiff failed to account for $37,889.37 in security deposits, reducing the building's sales price and precipitating an unnecessary foreclosure proceeding. The award of $25,000 for the additional cost to settle the foreclosure action is an appropriate amount to compensate defendant for the waste of marital property. However, as the motion court observed, defendant waived a payment of an additional $125,000 recommended by the Special Referee as compensation for waste she alleged to have been caused by plaintiff's failure to convert the corporate owner from a C corporation to an S corporation.

We reject plaintiff's argument that taxes due on the sale of the building should be deducted from its sales proceeds before distribution in view of the 1991 stipulation, also so-ordered by the court, in which the parties agreed to the direct distribution of the sales proceeds, with each party to be responsible for his or her own tax liability. We have considered plaintiff's other arguments, including those challenging the finding of contempt and the submission to the Special Referee of the amount of attorneys' fees, and find them unavailing. Concur—Nardelli, J. P., Andrias, Wallach, Lerner and Rubin, JJ.