■ GAIL L. HAYMES, Appellant-Respondent, v STEPHEN D. HAYMES, Respondent-Appellant. [748 NYS2d 542] —Order and judgment (one paper), Supreme Court, New York County (Joan Lobis, J.), entered December 7, 2001, inter alia, equitably distributing the parties' marital property, unanimously modified, on the law, to award plaintiff interest on the distributive award from February 16, 2001 and, except as so modified, affirmed, without costs.

Supreme Court did not improvidently exercise its discretion in declining to award prejudgment interest. Plaintiff, while conceding that prejudgment interest is discretionary, argues that it is mandated because courts "routinely" award it for the loss of use of property pursuant to CPLR 5001. She reasons that the failure to grant prejudgment interest in this case is therefore an abuse of discretion.

This argument is both circular and without merit. The equitable distribution of the marital estate is not a breach of contract, nor is it tantamount to "interfering with title to, or possession or enjoyment of, property" (CPLR 5001 [a]). The only language in CPLR 5001 that is remotely pertinent to a matrimonial proceeding is the general principle that the award of interest is entrusted to the sound discretion of the court "in an action of an equitable nature."

CPLR 5001 has been appropriately applied to justify the award of prejudgment interest where joint income is generated upon a principal sum (*cf. Povosky v Povosky*, 124 AD2d 1068, 1070), and it is implicated where the misconduct of one party rises to the level of depriving the other of the use of marital property (*see Grunfeld v Grunfeld*, 94 NY2d 696, 707 [failure to make timely payments]; *see also Arany v Arany*, 282 AD2d 389 [diversion to personal use of over $500,000 from corporation]; *Maharam v Maharam*, 245 AD2d 94, 94 ["egregious economic misconduct has prevented the court from making an equitable determination"]). Notably, plaintiff has provided no authority to suggest that in enacting CPLR 5001 the Legislature intended it to be applicable to matrimonial actions.

Plaintiff's argument ignores the distinction between liquid and illiquid assets (Domestic Relations Law § 236 [B] [5] [d] [7]) and overstates the significance of the date on which the subject business property was valued. By statute, the setting of a valuation date is a matter within the court's discretion (Domestic Relations Law § 236 [B] [4] [b]). The price of real estate is subject to fluctuation, and whether a particular date proves fortuitous to either party is largely a function of interim market forces. In this case, the parties stipulated that the valuation date would be the commencement date of the action, August 23, 1988. Setting such an early date provides the parties with the advantage of having more time to amass evidence in preparation for trial. The obvious disadvantage is that the longer it takes to bring the matter to trial, the more the actual value may ultimately deviate from the estimated value (*see* Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:26, at 425). However, the parties chose the valuation date. In the absence of any demonstration that the selected date has resulted in hardship to either party, it is not subject to challenge. Nor can fault be assigned to either party for the delay in bringing the matter to judgment, which resulted from the necessity to resolve a novel issue (*see* 221 AD2d 73; 252 AD2d 439).

The business property in the marital estate was valued both by the parties' expert appraisers and by the court-appointed neutral appraiser using the income capitalization approach. Under this method, the income that a property is capable of generating is a major consideration in estimating its worth on the valuation date. Because prospective income has already been included in establishing the property's present value, it would be duplicative to award interest for the loss of such prospective income, in essence, treating the asset as a cash equivalent.

There is no reason to upset Supreme Court's determinations regarding the value of the parties' business properties. The only question is whether the findings are supported by the evidence which, in all cases, was ample. The valuation set for each property was within the range of the experts' estimates and consistent with defendant's own assessment.

As to the discounting of the values assessed to reflect defendant's minority interest, this procedure is similarly supported by the expert testimony. The neutral evaluator agreed with defendant's expert that it is appropriate to discount the value of a minority partnership interest to reflect both decreased marketability and, in the opinion of defendant's expert, lack of control. Significantly, plaintiff's expert conceded that in some 900 valuation assessments, he had never utilized the approach he advocated in this case. Thus, the evidence supports Supreme Court's application of a discount to the several interests held by defendant in the subject business properties.

The equal division of marital property is likewise supported by the evidence of plaintiff's substantial contributions, both direct and indirect, to defendant's business success over their 20-year marriage. However, plaintiff is entitled to interest from the date of the decision to the entry of judgment (CPLR 5002), and we therefore modify accordingly. Concur—Saxe, J.P., Sullivan, Lerner, Rubin and Friedman, JJ.