Matter of Ezequiel L.-V. v Inez M. (2018 NY Slip Op 03895)





Matter of Ezequiel L.-V. v Inez M.


2018 NY Slip Op 03895


Decided on May 31, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Gesmer, Oing, JJ.


6713

[*1]In re Ezequiel L.-V. Petitioner-Appellant,
v
Inez M., Respondent-Respondent, Pablo A., Respondent.


Larry S. Bachner, Jamaica, for appellant.
New York Legal Assistance Group, New York (Beth E. Goldman of counsel), for respondent.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the child.



Order, Family Court, New York County (Jane Pearl, J.), entered on or about June 27, 2016, which dismissed the paternity petition, unanimously reversed, without costs, and the matter remanded for further proceedings pursuant to this order.
The Family Court should not have denied and dismissed the paternity petition without a hearing. The stated reason for the dismissal was the existence of a valid acknowledgment of paternity executed by respondents. The statute only permits the parties to such an acknowledgment to challenge it (Family Court Act § 516-a[b][iv]). However, the existence of a valid acknowledgment of paternity does not bar a claim of paternity by one who is not a party to it (Thomas T. V Luba R., 121 AD3d 800 [2d Dept 2014]; see also Tyrone G. V Fifi N., 189 AD2d 8, 14 [1st Dept 1993] [order of filiation not a bar to claim of paternity by stranger to that proceeding]). Therefore, petitioner is entitled to a hearing, and we remand to the Family Court for further proceedings, including, as appropriate, an estoppel hearing and/or a DNA test.[FN1]
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 31, 2018
CLERK



Footnotes

Footnote 1:In an earlier proceeding in this case, the support magistrate who referred the matter for a hearing on equitable estoppel opined that the February 17, 2011 divorce judgment based on abandonment (DRL § 170[2]) constituted a finding that petitioner had not had sexual relations with the mother for a year. However, the judgment does not state when the mother alleged that petitioner abandoned her or the facts alleged to have constituted the abandonment. Furthermore, although refusal to engage in sexual relations without justification may constitute constructive abandonment, an attempt at reconciliation, including sexual relations, during the period of abandonment, does not preclude entry of a judgment of divorce (Haymes v Haymes, 252 AD2d 439, 440 [1st Dept 1998]). Accordingly, the divorce judgment does not necessarily bar this petition.